OLE J. MOE, Plaintiff and Appellant, *v.* NORTHERN PACIFIC RAILROAD COMPANY, Defendant and Respondent.

**Settling Bill of Exceptions—Extention of Time—Review on Appeal—Mistake in Law.**

1.  Section 5093, Comp. Laws N. D., construed.   *Held,* that the authority conferred by said section to extend time and settle bills of exception and statements after the statutory periods for so doing have expired is not an absolute, non-reviewable discretion, but, on the contrary, such discretion is a sound judicial discretion, and can be exercised only upon the conditions named in the statute—*i. e.,* "upon good

cause shown in furtherance of justice." Where the cause shown is spread out in full upon the record in the court below, and an objection to the action of the court below in settling the bill or statement is properly made, this court, upon a motion to purge its records, will review the cause shown; and if, in the opinion of this court, good cause was not shown for settling the bill or statement after time, such motion will be granted, and the bill or statement will be striken out.

2. The bill in this case was not settled, nor sought to be settled, for a period of nearly four years after the verdict for defendant was returned. The only excuse offered to the district court for plaintiff's laches and default in the premises, and as a cause for extending the time after the lapse of so long an interval after the statutory periods had expired, is found in language embodied in the plaintiff's affidavit showing cause, as follows: "Such error was occasioned by deponent's misconstruction of the law in relation to bills of exception upon appeal to the supreme court." This is not "good cause shown," within the meaning of § 5093. *Ignorantia legis non excusat.*

(Opinion filed Dec. 5, 1891.)

*A*PPEAL from district court, Barnes county; Hon. RODERICK ROSE, Judge.

*C. A. Van Wormer*, for Appellant. *W. F. Ball* and *John S. Watson*, for respondent.

Action by Ole J. Moe against the Northern Pacific Railroad Company for damages arising from the death of his son, caused by defendant's negligence. Verdict and judgement for defendant under direction. Plaintiff appeals. Affirmed.

The opinion of the court was delivered by

WALLIN, J. This action was tried on June 30, 1887, and on that day and on defendant's motion therefor, the district court, Hon. W. H. FRANCIS, J., presiding, instructed the jury to return a verdict for defendant, which verdict was returned. A stay of ninety days was entered in plaintiff's favor as follows: "Within which to move for a new trial, and perfect and have settled and file exceptions, and perfect appeal to supreme court." No notice of intention to move for a new trial was ever served or filed in the action, but on July 15, 1887, plaintiff's counsel filed a written motion for a new trial, stating in substance, as grounds of such motion, that the court erred in directing a ver-

dict. Judge FRANCIS retired from the bench without acting upon the motion, but his successor in office, by an order made April 29, 1890, denied the motion, and on the same day, on plaintiff's application, judgment for costs was entered in favor of the defendant. Plaintiff appealed to this court from such judgment, and, the case being on the calendar of this court, at the October term, 1890, the appeal was dismissed on motion of appellant, without prejudice. At a term of this court held in October, 1891, the case reappeared upon the calendar of this court, and counsel for the respondent, upon proper notice, made a preliminary motion to purge the record by striking therefrom a bill of exceptions found among the papers certified to this court from the court below. Counsel were heard upon the motion, and also upon the merits of the case, and a decision of the motion was reserved to be disposed of later. It appears by the record, and is conceded, that no attempt was ever made to settle a bill of exceptions or statement in the action until subsequent to the dismissal of the appeal in October, 1890, and that the first move in that direction was made by obtaining an order from the district court to show cause why time for settling a bill of exceptions should not be extended. This order bears date April 3, and was returnable April 21, 1891. The order was based upon the affidavit of plaintiff's attorney. The only features of the affidavit which have any posssible bearing upon the matter of plaintiff's laches and default in not applying sooner for the settlement of a bill or statement, or which have any tendency to show cause for an extension of time, are the following features: "That afterwards this deponent discovered that he had committed an error in causing said action to be placed upon the calendar of the supreme court, without first having a bill of exceptions settled by the judge of said district court; that such error was occasioned by deponent's misconstruction of the law in relation to bills of exception upon appeal to the supreme court. Deponent further prays that plaintiff may be relieved from the consequences of the error made by this deponent as aforesaid, and that the court make an order extending the time in which to settle a bill of exceptions for an appeal to the supreme court in the above entitled action."

On the return of the order defendant appeared before the district court, and objected to any order granting the extension of time. The district court overruled the defendant's objections and by an order granted an extension of time to settle a bill until June 22, 1891, to which order defendant filed its exception as follows: " To the entering of which order the defendant now objects and enters its exceptions on the following grounds: *First*, More than three years have elapsed since said cause was tried to a jury, and it is now too late for the settlement of a bill of exceptions under the statute. *Second*, The alleged cause for granting such motion, showing the affidavit upon which the same is made, is not sufficient, either in form or in substance, to authorize the granting of such relief." " The foregoing objection and exception is allowed, and is hereby made a part of the record in this case." Counsel appeared before the district court on June 9, 1891, at which time the district court, without other showing of cause, and upon the cause shown by said affidavit, settled and allowed the bill in question. Defendant objected, and excepted to such settlement, and filed its written objections thereto as follows: " The defendant, conceding that the foregoing is a true bill of exceptions, herein objects to the settlement and allowance of the same by the court for the following reasons: *First*, That the same was not prepared within the time allowed by law, or within a reasonable time after the trial of the action. *Second*, The reasons set forth in the plaintiff's application to this court for an extension of time within which to prepare and have settled a bill of exceptions in this case were not sufficient to justify the court in granting such application upon the facts shown upon such application. The court was not warranted in granting an order reviving the time within which a bill of exceptions might be served and settled." The objections and exceptions were allowed and made a part of the record.

In support of the motion to purge the record in this court, counsel for respondent, while conceding that the court below, under § 5093, Comp. Laws, possesses the power to extend time and fix another time in such cases, insist that when the statutory time has elapsed the power to extend time and fix another time for

settling a bill can be legitimately exercised by the district court only upon the conditions stated in said section—*i, e.,* "upon good cause shown in furtherance of justice;" and further insist that the cause shown in this case was wholly insufficient to excuse the laches and default of the plaintiff in not procuring the settlement of the bill within the periods allowed therefor by statute, or within any reasonable time after the trial. Upon the other hand, counsel for the appellant claims that the cause shown is good cause, and that the extension of time was in furtherance of justice, because, as counsel claims, the errors at the trial were numerous and gross. Counsel especially urges upon our consideration the fact that the motion for a new trial, which he made in July, 1887, was not decided until April, 1890, and that this fact operated powerfully upon the district court in granting the extension of time, and was a part of the cause shown for such extension. In this behalf counsel claims that his laches did not begin to operate against him until after his alleged motion for a new trial was decided. But counsel offers no explanation of the delay (other than that set out in his affidavit showing cause) which occurred in applying for an extension of time after the motion was denied, and before April 3, 1891—a period of about one year. Before counsel moved to dismiss his first appeal to this court, which motion was made in October, 1890, he certainly became aware of the fact that a bill of exceptious would be essential to a review of the alleged errors occurring at the trial, and yet no attempt is made to excuse the neglect involved in not moving in that direction until long after such dismissal, and not until April, 1891. The excuse of ignorance or "misconstruction" of the law requiring the settlement of a bill is not even offered to explain the last-mentioned period of inactivity, which period covered fully five months' time. Nor can we endorse the view advanced by counsel that under the circumstances of this case his obligation to settle a bill of exceptions did not arise until the entry of judgment on April 29, 1890. That would be true, possibly, in a case where no motion for a new trial is intended to be made. In this case a motion was made and argued by plaintiff's counsel, and such motion was denied, and the order of denial was appealed from.

The fact that such motion was made irregularly, and in disregard of the statutes, does not obliterate the statute nor relieve the plaintiff of its obligations.   The day the verdict came in, the court granted a 90-day stay, to give plaintiff ample time for settling a bill, and moving for a new trial; but the stay expired, and no attempt to give notice of intention or settle a bill was made within the stay, or until some years had elapsed after the verdict, and not until after plaintiff's alleged motion for a new trial was denied.   Can the fact that plaintiff in good faith proceeded to move for new trial in a manner wholly unknown to the law be legitimately urged as an extenuation for the laches and default involved in disregarding the law?   We think not. Briefly stated, the plaintiff's right to have a bill or statement settled began to run in June, 1887, but no attempt to setttle a bill or statement was initiated until April, 1891, and, while no obstacle to such settlement was interposed by the defendant, the bill itself was not in fact settled for nearly four years after the right and duty to settle a bill originated.   But appellant's counsel claims that he has .met the requirement of the statute by showing good cause for the extension of time, and hence the extension is right.   Counsel cites Johnson v. Northern Pacific Railroad Co., decided by this court in 1 N. D. 354.   This court held in that case, under § 5093, Comp. Laws, that it was the purpose of the act to place "the whole matter of settling bills and statements for a new trial, and giving the notice of intention, within the sound judicial discretion of the trial court as to the time within which the several steps in the process may be taken after the statutory limit has been passed."   We also held that "abuse of discretion will not be inferred from the mere fact that the record is irregular in not showing the grounds upon which the court proceeded."   This holding imports—and such is our present view of the law—that the district court, under the statute, has been vested with authority in these cases to extend time and fix new time where the statutory limit has run, but that such authority can be lawfully exercised only upon the condition set out in the statute—*i. e.,* "upon good cause shown;" and, further, that cases may arise under the statute where this court will be in duty bound to exercise its supervisory functions

to the extent of reversing the action of the court below when such action is, in our judgment, unwarranted by the statute which confers the power to act at all. In the case under consideration —unlike that cited above—the grounds upon which the court below proceeded to revive and extend the right to settle a bill of exceptions are spread out fully upon the record brought to this court. The entire scope of the alleged cause shown for the action of the lower court is presented in a brief sentence, which we quote from the affidavit showing cause, as follows: "That afterwards this deponent discovered that he had committed an error in causing said action to be placed upon the calendar of the supreme court without first having a bill of exceptions settled by the judge of said district court; that such error was one occasioned by this deponent's misconstruction of the law in relation to bills of exception upon appeal to the supreme court." This showing does not appear to us to present a case of "misconstruction of the law." It nowhere appears that the plaintiff acted upon any construction of the law relating to the settlement of bills and statements until nearly four years after the trial. The showing presents a case of utter disregard of the statute, and the excuse offered to the district court was "misconstruction of the law." To our mind, the excuse offered for plaintiff's laches falls far short of constituting the "good cause shown," upon which alone the district court can lawfully act; and hence that the allowance and settlement of the bill was without authority of law. If an attorney's ignorance of the law of the case could ever be received as a valid excuse for laches, surely this record presents no such case. In this case the defense offered no obstacles and engaged in no dilatory tactics tending in the least to delay or obstruct the plaintiff in settling a bill of exceptions, and yet no move was made in the directon for nearly four years after the right to move arose. The law requiring the settlement of bills of exception was during territorial times, and still is, statutory law; and for this reason the excuse of ignorance would be all the more untenable if offered. In this case, as we have seen, it is not offered, but in lieu of ignorance counsel ask us to accept "misconstruction of the law" as an excuse, although wherein there was any "misconstruction" is not suggested upon

the record, nor was any particular "misconstruction" of law spoken of during the oral argument in this court. We hold that plaintiff's default, resulting from his non-action, was not excused in the showing made in the district court, and upon which the time was extended. *Ignorantia legis non excusat.* The, discretion to extend time is not absolute in the district court; and when such discretion is not, in our judgment, a sound judicial discretion, we shall not hesitate to review, and, when necessary, reverse, the same. Welch v. County Court, 29 W. Va. 63, 1 S. E. Rep. 337. The policy of the law demands that the utmost diligence should be exercised in taking the pre-scribed action necessary to a review of alleged errors made in the trial court. Looking towards prompt action, the legislature has specially limited the time within which the necessary steps preliminary to a review must be taken. The statutory time limited for giving the notice of intention and for having bills of exception and statements settled is ordinarily ample for the purpose. It rarely happens that further time is necessary, but to meet the exigency of exceptional cases the statute permits the trial court, "upon good cause shown," to extend the time. Without the required showing, the power to extend time does not exist. It follows from the views already expressed that the motion to eliminate the bill of exceptions must be granted, and, as no errors appear upon the face of the record when thus purged, the judgment of the court below must be affirmed. All concur.