Filed Oct. 6, 1892.

---

No. 16,491.

ZEIGLER, EXECUTOR, v. MIZE.

DECEDENTS' ESTATES.—*Action for Widow's Statutory Allowance.*—*Answer of Adultery and Champerty.*—*Sufficiency of Answer.*—Where an action is brought by a widow against the executor of her deceased husband to compel him to pay her $500, as provided by law, out of the assets of the estate, and there is an answer in bar alleging that the plaintiff had lived separate from her husband and in adultery, but failing to allege that she had either left her husband or was living in adultery at the time of his death, and that the plaintiff had no interest in the prosecution of the claim, and was only suffering her name to be used in the interest of her counsel, who were to receive one-half of all the money recovered in her name, and that her brother, by previous arrangement, was to receive the other half, is bad. Even if she had made a champertous agreement she would not be bound by it, and might ignore it.

From the Huntington Circuit Court.

*J. B. Kenner, U. S. Lesh* and *J. C. Branyan*, for appellant.
*J. T. Alexander* and *J. M. Hatfield*, for appellee.

OLDS, J.—This proceeding was commenced by the appellee filing her petition in the Huntington Circuit Court, asking for an order against the appellant as executor of the last will of Edward Mize, deceased, to pay the appellee five hundred dollars due her as the widow of said deceased, and which sum he had refused to pay, and afterwards the appellee filed a motion asking for a like order to be made.

The appellant answered, and the appellee filed a demurrer to the answer, which was sustained and exceptions reserved, and error is assigned on this ruling and is the first alleged

error discussed. The answer is pleaded as a bar to the action on account of the appellee having lived separate from her husband and in adultery with another, and further that the appellee " has no interest in the prosecution of the claim, and is only suffering her name to. be used in the interest of others, that is to say, that her counsel has a bargain with her to receive one-half of all that they may recover in her name, and that her brother, Samuel Sales, has a bargain with her to receive the other one-half that may be recovered in her name," and alleging that the prosecution of the suit is champertous.

The paragraph of answer is bad. The statute, section 2496, R.S. 1881 provides that "If a wife shall have left her husband, and shall be living, at the time of his death, in adultery, she shall take no part of the estate of her husband." The facts pleaded do not show that the appellee had either left her husband or that she was living in adultery at the time of his death, nor do the other facts alleged constitute a good answer. The proceedings were instituted and were prosecuted to recover the five hundred dollars given to the appellee by the statute as the widow of the deceased. This she would have a right to dispose of as she chose, and she could make a valid contract to transfer the whole or any part of the amount recovered. There is no averment that the contracts in relation to the disposition of it had any relation to the prosecution of the suit or that the attorneys representing her in the cause were to have any part of the same for their services in the prosecution of the proceedings to recover the same, or that her brother had anything whatever to do with the prosecution of such proceedings, and if she had made a champertous and void contract she would not be bound by it, and might ignore it, and such being the case we hardly see how it could be a good defence to an action she was prosecuting in her own name for a claim due her to plead that she had made a void contract for the disposition of the proceeds when collected.

*Allen* v. *Frazee*, 85 Ind. 283; *Hart* v. *State, ex rel.,* 120 Ind. 83; *Stotsenburg* v. *Marks,* 79 Ind 193.

On proper request the court made a special finding of facts, and stated its conclusions of law. The appellant filed a motion for a new trial, which was overruled, and the ruling is assigned as error.

There was no error in this ruling. The evidence fully sustains the finding. Counsel contend that there was some evidence tending to establish a champertous contract between the appellee and her attorney and her brother. There was no question of champerty before the court in the cause.

The finding of the court was manifestly right.

Some forty years before the death of the decedent the appellee, then living in Wayne county, Indiana, charged the deceased with being the father of her bastard child, and caused his arrest; he married her, took her to the house of a relative and remained over night, occupying the same bed as husband and wife, then abandoned her and returned to his home in Huntington county. He contributed nothing to her support or to the expenses attending the birth of the child, or to the funeral expenses when it died. He was able to support her. She, driven by the force of circumstances, was compelled to make her own living; she was of weak mind; she was employed to keep house for an unmarried man, and finally lived in adultery with him for several years, until his death, which occurred several years prior to the death of Edward Mize, and during all this time no proceedings were taken by the deceased during his life to have the marital relations dissolved. It was his duty after he married her to have lived with her and supported her unless he had legal grounds for annulling the marriage or for a divorce, and if he had either he should have enforced his right in that respect, or else she is entitled to her share in his estate after his death.

There is no error in the record.

Judgment affirmed, with costs.

Filed October 6, 1892.