KELLY, Appellant, vs. KELLY and another, Respondents.

*September 28 — October 17, 1893.*

*Attorney and client: Champerty: Dismissal of action: Canceling champertous agreement.*

1. When the fact that an action is being prosecuted under a champertous agreement comes to the knowledge of the court in any proper manner, the action will be dismissed. *Barker v. Barker,* 14 Wis. 131, adhered to.
2. A contract between attorney and client by which the attorney agrees, in consideration of $1, to prosecute an action and pay all costs, expenses, and counsel fees therein, and the client agrees that if awarded judgment she will pay him a certain share of the proceeds of the land recovered, but, if unsuccessful, said sum of $1 shall be full consideration for the attorney's services and counsel fees, is champertous.
3. An attorney prosecuting an action under a champertous agreement cannot, in his client's absence, cancel such agreement and proceed with the action, even though he has a letter of attorney authorizing him to sue and do all things necessary in that behalf.

APPEAL from the Circuit Court for *Dodge* County.

This is an action for the recovery of real estate. The answer was a general denial. At the trial the plaintiff's attorney, upon the demand of the attorney for the defendants, produced a certain agreement, dated February 23, 1892, by which the plaintiff's attorney, for and in consideration of $1, agreed to prosecute the action to final judgment and pay all costs and expenses and counsel fees

therein, and, if the plaintiff should be awarded judgment for the land, she agreed to pay him a sum equal to one half the value of the land, if it sold for $3,000 or less, and a further sum equal to one third of what the land should sell for in excess of $3,000, and if she should not recover judgment in the cause then the sum of $1 should be full consideration for all services for attorney and counsel fees therein; also a power of attorney from the plaintiff to her said attorney, dated the 27th of February, 1889, by which the latter was appointed her true and lawful attorney to sue for, recover, and collect all sums of money or property coming to the plaintiff, or which she might be entitled to receive from the estate of her deceased father; to compromise or agree for the same or any part thereof, and give acquittances or other sufficient discharges, etc., upon such terms and conditions as he should see fit, and to do and perform all acts or things that might or should be necessary to be done in order to recover or collect the plaintiff's interest in the estate of her deceased father. These documents were given in evidence against the plaintiff's objection. The plaintiff's attorney testified to the inability of the plaintiff to furnish money to prosecute the action, and that she implored him to take charge of it; that she was absolutely penniless; that he was unwilling to take the case on speculation, and would prefer she would furnish the money, and she said it was impossible, and told him what she would do under the circumstances, and the contract was drawn up; that he had paid the costs of the litigation thus far, and had procured his friends to go security for the costs. The court held that the agreement was champertous. Plaintiff's counsel asked to surrender the contract and be allowed to proceed with the suit, but the plaintiff was not present. The court held that the contract could not be canceled by the action of one of the parties thereto, and dismissed the action on the ground that it was prosecuted under a cham-

pertous agreement. The correctness of this ruling is the only question presented by the record.

For the appellant there was a brief by *Geo. W. Sloan* and *James J. Dick*, and oral argument by *Mr. Dick*.

*J. E. Malone*, for the respondents. [The cause was submitted without brief or oral argument.]

PINNEY, J. We were strongly urged to reconsider the rule laid down in the case of *Barker v. Barker*, 14 Wis. 131, holding that the law with regard to champerty, with certain limitations, exists as a substantive part of the common law, and still prevails in this state, and that the question whether a suit is prosecuted upon a champertous agreement is one outside of the real merits of the case, and, although no issue had been formed in regard to it, that, if the fact came to the knowledge of the court in any proper manner, it would refuse longer to entertain the proceeding. It was argued, as doubtless is the case, that the decision in *Barker v. Barker, supra*, is contrary to the great weight of authority. The rule laid down in *Barker v. Barker*, over thirty years ago, has ever since been considered and acted on as a substantive part of the law of Wisconsin, and has been frequently recognized in some cases, and in others expressly affirmed. *Miller v. Larson*, 19 Wis. 463; *Martin v. Veeder*, 20 Wis. 466; *Stearns v. Felker*, 28 Wis. 594; *Allard v. Lamirande*, 29 Wis. 502. The doctrine in *Barker v. Barker*, in our judgment, is founded in sound policy and establishes a wholesome rule. We do not feel authorized to recede from it, in view of the long time that it has been in force without serious question; and, as the legislature has not seen fit to change it, it is not fit that at this late date we should interfere to do so by judicial decision. It is very clear that the agreement in question is champertous, and directly within the rule laid down in *Stearns v. Felker*, 28 Wis. 594; *Lathrop v. Amherst Bank*,

9 Met. 489; *Ackert v. Barker*, 131 Mass. 438; *Blanchard v. Ferdinand*, 132 Mass. 389.

A satisfactory answer to the proposition of the plaintiff's attorney to cancel the agreement and proceed with the action, consists in the fact that there was no one present, representing the plaintiff, authorized to agree thereto. The plaintiff's attorney could not do so by virtue of his letter of attorney. It requires two parties to dissolve a contract, as well as to make one. The plaintiff's attorney could not act for the plaintiff in a matter in which they were interested adversely. For these reasons, the judgment of the circuit court must be affirmed.

*By the Court.*— Judgment affirmed.