(75 N. W. Rep. 244.)

---

JAMES M. WOODS *vs.* GEORGE H. WALSH, *et al.*

Opinion filed April 22nd, 1898.

**Implied Waiver by Acts of Attorney.**

In this court, on a notice of motion served personally by respondents' counsel upon the attorney whose signature was affixed as attorney for plaintiff to the notice of appeal, a motion was made to dismiss the appeal upon various grounds, none of which had reference to the attorney for the appellant, nor in anywise challenged the right of the appellant's attorney to act as such. The motion to dismiss the appeal was granted without prejudice to another appeal. Upon a second appeal to this court a motion to dismiss was made upon various grounds, among others upon the ground that the attorney whose name was affixed to both of the notices of appeal was not the attorney of the appellant. *Held*, that the objection came too late, and had been waived by the voluntary action of respondents' attorney in recognizing the attorney of the plaintiff in

the former appeal. *Held*, further, that an attorney of a suitor may authorize another person to affix his (the attorney's) signature to a notice of appeal, and such signature is valid when so authorized and affixed.

## Motion to Strike Out Stated Case.

Motion to strike out the statement of the case denied for reasons set out in the opinion.

## Champerty—When Not Available as a Defense.

In this action the plaintiff was seeking to foreclose a mortgage given to secure certain promissory notes made and delivered by the defendants. Said defendants made default, and did not answer the complaint. On motion of the defendants' attorney, the trial court entered judgment dismissing the action with prejudice. This was done upon certain affidavits filed by the defendants (and which were denied,) showing that the plaintiff in the action had entered into an agreement with his attorney whereby the attorney agreed to prosecute the action at his own costs and expense, and was to be compensated, if at all, out of any proceeds derived from the prosecution of the action. *Held*, that it is questionable whether such an agreement is champertous in this state, but, conceding that it is champertous, *held*, further, that the plaintiff's right to prosecute the action rested upon independent obligations, and in no wise depended upon the alleged champertous agreement; therefore such agreement was not available to the defendants as a defense to the action, or as a ground for dismissal thereof.

## Champerty Not Available to Defeat a Just Debt.

There can be no sound reason or just principle in a rule of law which would allow a party to defeat a just cause of action because the opposite party has made a contract with his attorney which is entirely void, and which, therefore, cannot be enforced by either of the contracting parties,

Appeal from District Court, Grand Forks County; *Templeton*, J.

Action by James M. Woods against George H. Walsh and Laura M. Walsh to foreclose a mortgage. From a judgment dismissing the action, plaintiff appeals.

Reversed.

*James B. Eaton*, (*R. A. Eaton*, of counsel,) for appellant.

Champerty and maintenance are not recognized under the New York practice from which our code and practice are taken. *Sedgwick* v. *Stanton*, 14 N. Y. 280; *Voorhees* v. *Dorr*, 51 Barb. 580; *Fowler* v. *Callan*, 102 N. Y. 395, 7 N. E. Rep. 169; Rev. Codes, §§ 7001, 7009. Neither in California or other states. *Mathewson* v. *Fitch*, 22 Cal. 94; *Hoffman* v. *Vallejo*, 45 Cal. 564; *Reece* v.

*Kyle*, 49 Ohio St. 475, 31 N. E. Rep. 747; *Brown* v. *Bigne*, 28 Pac. Rep. 11; *Kutcher* v. *Love*, 36 Pac. Rep. 152; *Newkirk* v. *Cone*, 18 Ill. 449; *Fetrow* v. *Merriwether*, 53 Ill. 275; *Wright* v. *Tibbitts*, 91 U. S. 252; *Roberts* v. *Cooper*, 20 How. 483; *Taylor* v. *Bemis*, 110 U. S. 42, 3 S. C. Rep. 441; *Courtright* v. *Burnes*, 13 Fed. Rep. 317; *Schomp* v. *Schneck*, 40 N. J. L. 195; *Richardson* v. *Rowland*, 40 Conn. 565; *Danforth* v. *Streeter*, 28 Vt. 490. In cases where champerty is a proper defense, it must be pleade1 and proved. *McMullen* v. *Guest*, 6 Tex. 275; *Brumback* v. *Oldham*, 1 Idaho, 710; *Moore* v. *Ringo*, 82 Mo. 468; *Allison* v. *Railroad*, 42 Ia. 280. An agreement to be champertous must have been made before the suit was commenced, and be the moving cause of it. *Moody* v. *Harper*, 38 Miss. 599. The Federal Court in Tennessee declines to follow the state statute against champerty. *Byrrie* v. *Ry. Co.*, 55 Fed. Rep. 44.

*J. B. Wineman*, for respondents.

When the fact appears that an action is being prosecuted upon a champertous agreement the action will be dismissed. *Barker* v. *Barker*, 14 Wis. 131; *Kelly* v. *Kelly*, 56 N. W. Rep. 637; *Douglas* v. *Wood*, 1 Swan. (Tenn.) 395; *Hunter* v. *Lyle*, 8 Yerg. (Tenn.) 142; *Greenman* v. *Cohie*, 61 Ind. 201; *Board* v. *Jameson*, 86 Ind. 154; 4 Enc. Pl. and Pr. 368; *Peck* v. *Henrick*, 17 S. C. Rep. 927; *McPherson* v. *Cox*, 96 U. S. 404; *Stanton* v. *Haskin*, 1 MacArthur, 558; *Belding* v. *Smythe*, 138 Mass. 530; *Huber* v. *Johnson*, 70 N. W. Rep. 806.

WALLIN, J. This action was brought to forelose a mortgage upon real estate, which mortgage was made and delivered by the defendants, George H. Walsh and his wife, to secure the payment of certain promissory notes executed and delivered by said defendants to one E. P. Gates, and afterwards sold, indorsed, and assigned to the plaintiff, together with said mortgage. The action has met with more than the usual number of vicissitudes. It was commenced in 1885, John M. Cochrane, Esq., then being plaintiff's attorney. On November 11, 1893, a paper signed by

John M. Cochrane was filed with the Clerk of the District Court, reciting, in substance, that the firm of Eaton & Higbee (lawyers then in practice at Grand Forks) were substituted in the place and stead of Cochrane as attorneys for plaintiff, but no order of court was ever made pursuant to said document, or at all, substituting said firm as plaintiff's attorneys in the action. Said defendants never having answered or appeared in the action, a default judgment was entered against them in the action on November 11, 1893. On a notice of motion served by the defendants' attorney, J. B. Wineman, upon said law firm of Eaton & Higbee, as the attorneys for the plaintiff, said judgment by default was set aside and vacated by an order of the District Court made in May, 1894. Again, on a notice of motion served by said J. B. Wineman, as defendants' attorney, upon said firm of Eaton & Higbee, as plaintiff's attorneys, the District Court, by an order filed October 14, 1895, directed that the action be dismissed with prejudice; said order being predicated upon certain affidavits made and filed in the District Court, wherein and whereby it was charged, or sought to be charged, that the action was being prosecuted upon a champertous agreement made and entered into between the plaintiff and R. A. Eaton, who was a member of said firm of Eaton & Higbee; the alleged champertous agreement as embodied in said affidavits being, in substance, this: That said R. A. Eaton agreed with the plaintiff to prosecute said action at his own cost and expense, and as compensation therefor the said Eaton should receive one-half of the amount recovered by means of the proposed litigation. Upon the affidavits which were filed in a certain motion made in the action the District Court found as follows: "This action is prosecuted on a champertous agreement," and the court by its order, thereupon directed the action to be "dismissed with prejudice." Upon the hearing of the last mentioned motion the plaintiff was represented by said R. A. Eaton and the defendants by said Wineman. From this order, and prior to the entry of any judgment thereon, plaintiff attempted to appeal to this court, and this court, by its

order made at the October term, 1897, dismissed said appeal. The notice of said appeal was apparently signed by J. B. Eaton, Esq., an attorney-at-law residing in this state, said R. A. Eaton, who had before the appeal removed out of the state, signing said notice as counsel only. The motion to dismiss said attempted appeal was made by the defendants' said attorney, J. B. Wineman, and notice of said motion was served by Wineman on said J. B. Eaton. Said notice was not based upon the ground that the said notice of appeal was improper in form, or was not properly signed; nor was it stated in the notice that said J. B. Eaton was not, when he affixed his signature to such notice, the attorney of the plaintiff for the purposes of the appeal; but, on the contrary, an affidavit filed in the case and made by said J. B. Wineman states that he (Wineman) served the notice to dismiss the appeal, together with his printed brief in the action, "upon James B. Eaton, one of the attorneys for the appellant." The appeal was dismissed upon the ground that the mere order for judgment from which an appeal was attempted to be taken to this court was a nonappealable order. A judgment having been entered in the District Court, the case is again before us on appeal from said judgment.

Defendants, by their said counsel, now move to dismiss this appeal upon the ground, among others, that said J. B. Eaton, whose name is signed to the notice of appeal, was not and is not the attorney of the plaintiff, and that his name was signed by R. A. Eaton without authority. In opposition to the motion the affidavits of both J. B. and R. A. Eaton are filed, and they set out in substance that said J. B. Eaton is, and was when said notice was signed, plaintiff's attorney for the purpose of prosecuting this appeal, and that R. A. Eaton was authorized by him to sign the notice of appeal as it was signed, viz. with the signature of J. B. Eaton. We think the notice of appeal was sufficiently signed. There can be no doubt that an attorney of a party to an action can authorize another to sign his (the attorney's) name to a paper in the action. This, under the showing made (and it is not contra-

dicted,) is precisely what was done in this case. We think, too, that defendants' counsel has fully recognized J. B. Eaton as plaintiff's attorney in the action by serving upon him without reservation his brief and notice to dismiss the former appeal, thereby waiving any objection he may have had with respect to the right of J. B. Eaton to appear as plaintiff's attorney in the action.

Defendants' counsel further contends that said firm of Eaton & Higbee were never legally substituted as plaintiff's attorneys, and consequently that John M. Cochrane is still the attorney for the plaintiff. This position is untenable. While it is true, upon the facts stated, that Cochrane's connection with the action was never severed by any formal order of court, yet it is likewise true that Cochrane, in writing, consented to such severance, and turned over the files of the case to Messrs. Eaton & Higbee; and the further fact appears that the attorney of the defendants thereafter repeatedly recognized Eaton & Higbee as plaintiff's attorneys, and never attempted to divest them of their apparent authority to act for the plaintiff. We are clear that the irregularity of the appointment of Eaton & Higbee has been fully waived by counsel for the defendants, and that under the facts disclosed in the record said John M. Cochrane ceased to be the attorney of the plaintiff long prior to the date of the order of the District Court dismissing this action. It appears, therefore (both members of the firm of Eaton & Higbee having removed from the state,) that it was certainly competent for the plaintiff to employ other counsel, and the uncontradicted evidence is that plaintiff has done so, and that such counsel is J. B. Eaton, an attorney of this state, who now prosecutes this appeal.

The undertaking upon the appeal is objected to as informal, the appellant has, however, procured another undertaking, which is regular in form. We have directed the new undertaking to be filed, and this objection is therefore overruled, and we shall, without further comment, deny respondent's motion to dismiss the appeal.

Defendant's counsel further moves in this court to strike out the statement of the case. The statement was settled by the Honorable Charles F. Templeton on March 4, 1897, he having presided when the order of dismissal was filed. Judge Templeton retired from office on January 1, 1897, his term having expired at that time. Defendants' counsel appeared before Judge Templeton at the time the statement was settled, and objected to the settlement upon the following grounds, viz.: "For the reason that said statement of the case had not been presented to said Charles F. Templeton for settlement within the time allowed by law, and that no cause has been shown why said time should be extended; that said Templeton has no power or authority to act in the premises, or to extend the time allowed by law for the settlement of the case." These objections were overruled, and the case was settled by Judge Templeton, but in the order of settlement he states as follows: "The undersigned, in signing this statement of the case does not in any manner intend to enlarge or extend the time in which such statement should have been presented for settlement, for the reason that no cause was shown why said time should have been extended; nor is it the intention of the undersigned to in any manner prejudice any rights which may have accrued to the defendants by reason of the failure of the plaintiff to present such statement within the time prescribed by law." An extension of time, against objection, properly made, within which to settle a statement of the case, cannot be lawfully made by the trial court in the entire absence of any showing of cause for such extension. See *Moe* v. *Railroad Co.*, 2 N. D. 282, 50 N. W. Rep. 715. The objection to the settlement of the statement made in this case would have been fatal, therefore, if any extension of the statutory time had been made in fact. But the time was not extended, nor had the statutory period for settling a statement in this case expired when the statement was settled. When the statement was settled, it would seem that counsel and court alike labored under the impression that judgment had been entered long prior to that

date. Such was not the fact, however, for it now appears that no judgment had been entered in the judgment book at that time. Under the statute, 30 days are allowed after judgment within which a party may prepare and serve a proposed statement. Revised Codes, section 5467. The objection must be overruled. Under the statute, Judge Templeton had authority to act. *Id.* Section 5470.

Certain other preliminary objections were urged in this court upon the motions. We have considered and overruled the same, but shall not discuss them in this opinion.

Turning to the merits, we are called upon to decide whether the order and judgment of dismissal with prejudice, as made and entered in the District Court, can be sustained. We are satisfied that they cannot be sustained. It is true that champertous agreements have been held obnoxious from a very early period in the history of the common law. The statute in this state has singled out certain agreements which were champertous at common law, and declared that the same are misdemeanors. See Revised Codes, sections 7008–7013. The case at bar reveals no features which bring it within either of the sections we have cited. There is no pretense that the plaintiff in the action has ever sold or attempted to sell the claim in suit—*i. e.* two promissory notes—to his attorneys. Much less is it claimed that any transfer of the notes has ever been made to plaintiff's attorneys, or agreed to be made to them. Put in its strongest terms, the affidavits filed in defendants' behalf show that plaintiff agreed with one of his attorneys to pay the attorney one-half of the amount which should be recovered in the action, on condition that the attorney would take up and prosecute the case at the attorney's own cost and expense. We question whether such an agreement is champertous in this state. It certainly is not an act which the statute of this state punishes as a misdemeanor. We think that under the laws of this state an attorney may lawfully contract for a contingent fee to be measured by the amount recovered by an action. Rev. Codes, § 5574. To purchase a claim

for the purpose of suing the same is a misdemeanor in an attorney under the statute. *Id.* section 7008. But there is a line of separation between a purchase of a claim for the express purpose of suing the same, and a mere agreement for compensation, such as is claimed existed here. On this point, see *Dahms v. Sears,* 13 Or. 47, 11 Pac. Rep. 891. But for the purposes of this decision we will assume that the agreement as set out in the affidavits of the defendants was actually made, and that the same is champertous. Upon this assumption the question arises whether the action should have been dismissed before trial, and under the circumstances of this case. The record shows that the plaintiff is the owner of the notes and mortgage upon which the action is founded, and, further, that the defendants who signed and delivered the notes and mortgage have made default, and never answered in the action. Under such circumstances, should the defendants be permitted, on account of any unlawful agreement made between plaintiff and his counsel, which in no wise prejudices the defendants, to evade the payment of the claim by procuring a dismissal of the action? We think such a rule would be obviously unjust. It is, however, undeniable that it has the support of some authority. Some courts have held that as soon as the fact is made to appear in any proper manner that an action is being prosecuted under a champertous agreement; it becomes the duty of the court to dismiss the action at once. A line of cases decided by the Supreme Court of Tennessee, and cited on page 832 of 5 Am. and Eng. Enc. Law (2d Ed.,) which was based upon a mandatory statute of that state, has been followed—perhaps mistakenly—in some other states. See *Barker v. Barker,* 14 Wis. 142, and *Kelley v. Kelley,* 86 Wis. 170, 56 N. W. Rep. 637. See, also, *Greenman v. Cohee,* 61 Ind. 201. But the decided weight of authority is clearly against the proposition that a suitor whose cause of action in no wise depends upon any champertous agreement, but is meritorious, can be cast in his suit by a mere showing that the same is being prosecuted under an unlawful agreement between the plaintiff and his attorney. Such an agree-

ment can in no wise prejudice the defendant, and the better authorities hold that no sound considerations of public policy can be invoked in support of the rule. The later cases in Indiana distinctly repudiate the doctrine announced in *Greenman* v. *Cohee, supra. Allen* v. *Frazee*, 85 Ind. 283; *Zeigler* v. *Mize*, 132 Ind. 403, 31 N. E. Rep. 945. See, also, *Railway Co.* v. *Davis*, 10 Ind. App. 343, 36 N. E. Rep. 778, and 37 N. E. Rep. 1069. This is certainly the later holding in the State of Iowa. *Small* v. *Railroad Co.*, 55 Iowa, 582, 8 N. W. Rep. 437. In the case last cited the court say: "It seems to us that there is no sound reason nor just principle in a rule which would allow a party to defeat a just cause of action because the opposite party has made a contract with his attorney which is entirely void, and which, therefore, cannot be enforced by either of the contracting parties." This authority voices the English rule. *Hilton* v. *Woods*, L. R. 4 Eq. 432. Also the rule of the Federal Courts. *Courtright* v. *Burnes*, 13 Fed. Rep. 317; *Byrrie* v. *Railroad Co.*, 55 Fed. Rep. 44; *Keiper* v. *Miller*, 68 Fed. Rep. 627, construing *Burns* v. *Scott*, 117 U. S. 589, 6 Sup. Ct. 865. In some states it is held that the common law relating to champertous agreements no longer exists, and that such an agreement is valid unless it contravenes some statute. See *Sedgwick* v. *Stanton*, 14 N. Y. 289, and cases cited on page 320 of 13 Fed. Rep. In the case at bar, however, we are not disposed to go further than to declare that under the facts of this case the defendants, upon the assumption that they have shown a champertous agreement between plaintiff and his attorney, are not in a position to take advantage thereof. Such agreement, if it existed, could in no respect prejudice any of the defendants' rights. This action is based upon independent contract obligations entered into by said defendants, which obligations are in no wise affected by the alleged champertous agreement. Under the authorities cited, which, in our opinion, rest upon plain principles of right and justice, the judgment of the court below dismissing this action must be reversed, and the action reinstated. It will be so ordered. All the judges concurring.

ON PETITION FOR REHEARING.

The petition for a rehearing of this case must be denied. The rehearing is asked upon two grounds, viz.: First, that the notice of appeal was signed, not by the attorney of the appellant, but by another, who signed the same at the instance and request of the appellant's attorney. This point was considered in the opinion, and overruled, upon the ground, among others, that any defects in such notice had been waived by the conduct of the respondents' counsel. We will add, however, that the point would be overruled by this court on its merits. The question, in our opinion, is covered by the principle announced in the following cases, which state the later and better rule of construction: *Hotchkiss* v. *Cutting*, 14 Minn. 537 (Gil. 408;) *Herrick* v. *Morrill*, (Minn.) 33 N. W. Rep. 849. Counsel cites section 7023, Revised Codes, and states in his petition that he "relies upon it entirely." That section has reference to a case where an attorney at law who is not an attorney in an action nevertheless permits his name to be used by another as an attorney in the action. It has no reference to a case like this, where an attorney who is in fact the appellant's attorney authorizes another person to sign his name to a process or notice in the action. The citation has no pertinency to the point raised by the petition.

The remaining ground of the petition relates to the statement of the case. It is contended that the statement should have been stricken from the record, because the same was irregularly settled, for certain reasons stated in the petition, and for the further reason that Judge Templeton, who retired from office before he settled the statement, was without authority to do so, not then being a judicial officer. We are of the opinion that the questions raised by this feature of the petition need not necessarily be considered in disposing of this case, for the reason that an examination of the judgment from which the appeal was taken shows that the only question raised on the merits is presented on the face of the judgment itself, unaided by other facts brought upon the record by the statement of the case. The judgment

recites as follows: "Having heard the arguments of counsel, and after due consideration having found in fact that this action is prosecuted on a champertous agreement, therefore it is hereby ordered \* \* \* that this action be, and the same is hereby, dismissed with prejudice." The record shows also that the defendants, who signed the notes sued upon, have made default, and have never answered the complaint, and hence have confessed that the obligations in suit are valid and subsisting obligations against them, upon which the plaintiff is entitled to recover a judgment. These defendants procured a dismissal of the action without a trial, and upon a mere motion, and the grounds of such dismissal are that the action is being prosecuted upon a champertous agreement. The authorities which have controlled this court in deciding this case, and which are cited in the opinion, go to the extent of holding that a champertous agreement made between the plaintiff and another person, which agreement is independent of the contract sued upon, can never operate to defeat an action which is based upon a valid claim which is not tainted with the stigma of champerty. The record in this case, aside from the special facts embraced in the statement, shows that this action is based upon the defendants' promissory notes, and in no wise rests upon a champertous agreement. If a champertous agreement is the cause and incentive for the prosecution of this action, such agreement exists independently of the defendants' written obligations; and under the better modern rule such an agreement cannot be resorted to as a means of defense to an action in a case like the case at bar.

(75 N. W. Rep. 767.)