SHERIN, Respondent, v. Eastwood et al., Appellants.

(142 N. W. 176.)

1.  **Appeal—Settlement of Bill of Exceptions—Return of Record to Trial Court—Relief from Default—Presumptions on Showing.**
      Where the Supreme Court is applied to by appellants, to permit the return of the record to the trial court for completion of the record upon which alleged errors might be reviewed on the appeal, and the application is, not to permit the trial court to correct its record, but to effectuate the making and certifying of a bill of exceptions, statement of the case, or record of exceptions necessary for such review, necessitating relief from default in this respect by appellant's, **held,** the trial court is without power to relieve from such default, except upon good cause shown. **Held,** further, it is not within the power of the Supreme Court upon such application to relieve appellants relief from default in this respect by appellants, **held,** the trial preme Court may assume that no other grounds than those disclosed on such application could be presented to trial court, and, if it appear therefrom that the trial court on such showing would be without power to grant such relief, the Supreme Court will refuse to permit the record to be returned for the purposes mentioned, as being an idle act.

2.  **Settlement of Bill of Exceptions—Misconstruction of Law—Relief from Default—Power of Trial Court—Abuse of Discretion—Striking Out Abstract.**
      Mere misconstruction of law by appellant's counsel does not constitute good ground for relief, in the trial court, from de-

fault in procuring settlement of bill of exceptions or statement of case, or exceptions, within the statutory time; and ignorance of law is not a mistake upon which such relief is grantable. Therefore, **held,** that appellant's application in Supreme Court for permission to return the record to trial court for settlement of bill of exceptions, etc., is denied, for want of power in that court to give such relief, and because to do so on said ground would be abuse of discretion by trial court.

(Opinion filed June 24, 1913. Rehearing granted July 19, 1913.)

Appeal from Circuit Court, Codington County. Hon. CARL G. SHERWOOD, Judge.

Action by A. Sherin against George H. Eastwood and another, for damages for libel. From a judgment for plaintiff, defendants appeal. Respondent moved to strike from appellants' abstract all matters not a part of the judgment roll proper; and appellants procured an order to show cause why the record should not be returned to the trial court for settlement and completion of the record. Order to show cause dismissed, and motion to strike out sustained.

See, also, 32 S. D. 103, 142 N. W. 179.

*George H. Marquis, Wilbur S. Glass,* and *Walter H. Shurtleff,* for Appellants.

*Sherin & Sherin,* for Respondent.

Appellants have failed to make any showing of "good cause" why they have neglected to have their record properly prepared before coming to this court; nor have they attempted to show that it was through any mistake, inadvertance, surprise, or excusable neglect that a bill of exceptions had not been filed and settled before taking the appeal to this court.

There is not even an attempt made to show that it was through the ignorance or mistake of the attorneys of record for the appellants that the bill of exceptions was not settled. The only thing that even intimates why it was not settled, is that the attorneys were of the opinion that no bill of exceptions was necessary in this appeal. This is not an excuse and does not relieve appellants from the default, and the record should not be sent back at this time for amendment or for a settlement of a bill of exceptions.

There is no bill to amend. The record cannot be amended. If anything is done, there must be an entire new bill of exceptions,

and to grant a motion on that showing, at this time, we believe would be an abuse of the discretion of the court. State v. Scholfield, (N. D.) 102 N. W. 878.

If they claim that it was owing to the misconstruction of the law by their attorneys, or even ignorance of the law by their attorneys, it would not show a good cause nor be any grounds for returning the record for the purpose of having a bill of exceptions settled. Moe v. Northern Pacific R. R. Co., (N. D.) 50 N. W. 715; French v. Chicago, B. & Q. Ry. Co., 26 S. D. 126; Underwood v. Wakefield, 27 S. D. 397; Bates v. Loffer, 28 S. D. 288.

Appellants have not brought themselves within any rule laid down by this court, nor any other court, to entitle them to have the record returned to the lower court, for the purpose of settling a bill of exceptions.

SMITH, J. Appeal from circuit court of Codington county. Action for libel. Jury trial. Verdict for plaintiff for $125 damages. Defendants appeal from the judgment and order overruling motion for new trial. The notice of intention to move for a new trial recites "that said motion will be based upon the minutes of the court, the instructions of the judge of this court given to the jury on the trial of the above-entitled action, and upon all of the records and files in said action." No statement of the case, bill of exceptions, or transcript of the record required by chapter 15, Laws 1911, has ever been settled, certified, or filed. The notice of intention to move for a new trial recites that the motion will be based upon insufficiency of evidence to sustain the verdict, and errors of law occurring at the trial in giving certain instructions and refusal of instructions requested by appellants. Appellants' abstract or statement of facts has printed therein certain purported instructions given the jury, and requests for instructions refused, but does not purport to contain any of the evidence at the trial. On March 8, 1913, respondent served notice of a motion returnable on motion day of the April term to strike from appellants' abstract all matters not a part of the judgment roll proper, on the ground that no bill of exceptions or statement of the case has ever been settled, and that such matter cannot properly be made a part of the abstract. By written stipulation of

counsel, dated March 27, and an order thereon, the hearing of
the motion was continued until May 8, 1913, the date assigned for
oral argument of the appeal.  At that time appellants appeared by
new additional counsel, and at the conclusion of the hearing on
the motion asked and were granted 10 days within which to make
application for an order to show cause why the case should not be
returned to the trial court for completion of a record upon which
the alleged errors might be reviewed in this court.   This order
was made returnable on June 6, 1913, and is the matter now be-
fore us for consideration.

The original motion by respondent also involved an applica-
tion to dismiss the appeal on the ground of insufficiency of the
appeal bond.   The order to show cause now under consideration
also contemplated the correction of the appeal bond if found in-
sufficient.   But in the view we take this part of the application
requires no further consideration.   The order to show cause is
founded upon affidavits of defendants Geo. H. and Lydia R. East-
wood and of Hon. Geo. H. Marquis, additional counsel now ap-
pearing for appellants.   The affidavits of the defendants East-
wood are to the effect that upon the trial of said action in the
lower court, and in the preparation of the record on appeal they
employed a firm of reputable attorneys of high standing and long
practice in this state; that they relied upon the knowledge, skill,
and fidelity of said attorneys, and believed in good faith that the
record on appeal had been properly prepared; that affiants acted
promptly and without delay and in good faith in taking said ap-
peal; that as the time drew near for the argument upon said ap-
peal they became anxious to know which of the firm of attorneys
employed by them would appear upon such argument; that, be-
cause of answers to their inquiries, appellants were left in doubt
as to whether either of said attorneys would appear before this
court, and, being convinced that they could not depend upon either
of said attorneys to present an oral argument, appellants em-
ployed Hon. Geo. H. Marquis to appear and make such oral
argument; that their said last-named counsel immediately pro-
cured the abstract and briefs upon appeal, and upon examination
thereof advised affiants that the record upon appeal appeared to be
incomplete, in that no statement of the case or bill of exceptions
had been settled by the trial court, and none transmitted to the

appellate court, and that a motion was pending to strike out portions of appellants' abstract because of the absence of such settled record; that said George H. Marquis thereafter appeared upon the hearing of said motion, and upon his return informed affiants that no proper record existed and that he would be obliged to ask this court for an opportunity to complete the record by obtaining a settlement of a proper bill of exceptions or statement; and that he had been given 10 days within which to make such application, and if upon such application it appeared that due diligence had been shown, such relief might be granted. These affidavits also contain certain statements as to the appeal bond which need not be referrred to. The affidavit of Hon. Geo. H. Marquis so far as it relates to matters affecting due diligence in the preparation of the appeal record contains matters which are merely hearsay, but alleges his belief to be that appellants' counsel who prepared the record on appeal fell into the mistake of supposing that errors of law in the giving or refusing of instructions might be reviewed upon a motion for a new trial based upon the minutes of the court, without the settlement of a statement of the case, bill of exceptions, or other record on appeal. Upon the return day, respondent filed affidavits in opposition to the order to show cause, from which it appears that the original*motion to strike certain parts of appellants' abstract upon the ground that no bill of exceptions, statement of the case, or other record had ever been settled by the trial court was served on appellants' counsel on March 8, 1913, and that the same motion and objections to said record were embraced in respondent's brief served on appellants' counsel on March 11, 1913. Said affidavits also contain other matters which are merely hearsay, and cannot be considered. The record further shows that of the firm of attorneys originally employed by appellants one has been in practice in this state and territory for about 30 years and the other for a period of 10 or 12 years, and both are men of standing and reputation in the profession. No affidavit, statement, or explanation whatever by appellants' original counsel with reference to the preparation of the record upon appeal has been presented to this court, and we are left with nothing but speculation or surmise as to the reasons such counsel may have had for preparing the record on appeal as it appears. The defect in the appeal record was so patent that a merely cursory ex-

amination of appellants' briefs and abstract by new counsel employed to make oral argument was sufficient to reveal the same to him, and it stands conceded that the defect had been called to the attention of appellants' other counsel more than 60 days prior to that date. Clearly this court is left with no adequate explanation or excuse for so plain a disregard. of statutes and rules of court governing appeals. Appellants have not attempted to show bad faith on the part of their original counsel in the preparation of a defective record, and the inference most favorable to appellants is that counsel may have misconstrued the statutes and rules of court, governing the preparation of appeal records. The long practice, high standing, and good reputation of such counsel render this inference difficult of acceptance by this court. We can only assume such an explanation. It must be conceded that Hon. Geo. H. Marquis, who represents appellants upon this hearing, has proceeded with due diligence in his attempts to safeguard the interests of his clients. It may also be assumed that appellants themselves have been guilty of no laches in their attempts to prosecute the appeal.

[1] This case does not fall within that class of cases in which a record in this court may be returned to the lower court for the purpose of correcting imperfections in the record itself, where it is made to appear that the record before this court does not represent the true state of facts before the trial court or is incomplete, or imperfectly certified. The application is not to permit the trial court to correct its record, but is an application for leave to return the case to the trial court for the purpose of making and certifying a bill of exceptions, statement of the case, or record of exceptions as may be necessary to a review of alleged errors. This proceeding would necessarily involve an application by appellants to the trial court, in the first instance, to be relieved from their default in not taking necessary steps to procure settlement of a bill of exceptions or statement of the case or exceptions within the time permitted by statute. This court has many times held that the trial court is without power to relieve from such default, except upon good cause shown. McGillycuddy v. Morris, 7 S. D. 592, 65 N. W. 14; McPherson v. Julius, 17 S. D. 98, 95 N. W. 428.

Clearly, it is not within the power of this court upon this

application to relieve appellants from their default in the trial court. This court can no more relieve from such a default than it can settle and certify the necessary bill of exceptions.

But this court we think may assume that no other or different grounds than such as are disclosed upon this hearing could be presented to the trial court; and if it appears that the trial court, upon such showing, would be without power or jurisdiction to grant such relief, this court should refuse to permit this case to be returned to that court for the purpose of making such application as an idle act.

[2] The decisive question, then, is whether the trial court upon the showing made would have power or jurisdiction to relieve appellants from their default, and whether such relief, if granted by that court, would be an abuse of discretion. It may be noted that his application is not founded upon any claim or allegation that appellant's counsel were ignorant of the existence of the statutes and rules of court prescribing the procedure for a review of alleged errors in the trial court. The only possible inference, then, might be that appellants' counsel have mistaken or misconstrued such law. The mere fact that counsel have misconstrued or mistaken laws or statutes affecting the rights of their clients has never been held by any court, so far as we know, to be good ground for relief from a default. If relief could be granted in this case upon the ground that appellants' counsel misunderstood or misconstrued or was mistaken as to the law, we see no reason why every appellant whose counsel fails to convince this court that his views of the law as given his client are correct may not claim the right to be relieved from an adverse judgment, because his counsel was mistaken as to the law. No such right has ever been recognized in any court, either of law or chancery. And we can conceive of no ground of distinction between an attorney's mistake as to the law governing procedure and his mistake in matters of substantive law. Mere ignorance of the law can never be considered a mistake upon which relief from the operation or effects of the law may be predicated. Evans v. Hughes County, 3 S. D. 244, 52 N. W. 1062. The case of Moe v. Northern Pacific R. Co., 2 N. D. 282, 50 N. W. 715, is directly in point. The appeal reviews an order of the trial court fixing a further time for settlement of a bill of exceptions to be used on

appeal, after the statutory time, and relieving plaintiff from default. Respondent moved to strike out the bill on the ground that no good or sufficient cause was shown to sustain the order extending the time. The court says: "The entire scope of the alleged cause shown for the action of the lower court is presented in a brief sentence, which we quote from the affidavit showing cause, as follows: 'That afterwards this deponent discovered that he had committed an error in causing said action to be placed upon the calendar of the Supreme Court without first having a bill of exceptions settled by the judge of said district court; that such error was one occasioned by this deponent's misconstruction of the law in relation to bills of exception upon appeal to the Supreme Court.' This showing does not appear to us to present a case of misconstruction of the law. It nowhere appears that the plaintiff acted upon any construction of the law relating to the settlement of bills and statements until nearly four years after the trial. The showing presents a case of utter disregard of the statute, and the excuse offered to the district court was 'misconstruction of the law.' To our mind the excuse offered for plaintiff's laches falls far short of constituting the 'good cause shown,' upon which alone the district court can lawfully act; and hence that the allowance and settlement of the bill was without authority of law. * * * The law requiring the settlement of bills of exception was during territorial times, and still is, statutory law; and for this reason the excuse of ignorance would be all the more untenable if offered. In this case, as we have seen, it is not offered, but in lieu of ignorance counsel ask us to accept 'misconstruction of the law' as an excuse, although wherein there was any 'misconstruction' is not suggested upon the record, nor was any particular 'misconstruction' of law spoken of during the oral argument in this court." In that case as in this appellants had failed to procure a settlement of a bill of exceptions, because of an allged "misconstruction of the law in relation to bills of exception upon appeal to the Supreme Court." The court held that the trial court was without power to relieve appellant from default upon such ground, and struck out the bill of exceptions.

It follows that the application for leave to remand the case for settlement of a bill, statement, or exceptions must be denied,

and that respondent's motion to strike improper matters from appellants' abstract must be sustained. It will be so ordered.