JAMES W. CONVERSE *et al.*

*v.*

ANN RANKIN *et al..*

*Filed at Ottawa January 25, 1886.*

1. CLOUD UPON TITLE—*tax title—where there has been an effort to redeem.* A person whose land had been sold for taxes, in proper time attempted to redeem it from the sale, and paid the amount required of him by the officer entitled to receive redemption money, and received a certificate of redemption, and when notified of a trifling deficit, sought in good faith to ascertain the amount so as to pay the same. He was referred to the purchaser, who promised to make and deliver a statement of such deficiency, if any, which he failed to do, but took out a tax deed: *Held,* a court of equity would set aside such deed as a cloud on the title of the person seeking to make redemption, upon payment of the deficiency.

2. COSTS—*in chancery—discretionary.* Under the statute (Rev. Stat. chap. 33, sec. 18,) the matter of costs, in most chancery cases, is within the discretion of the court. Where one wrongfully takes out a tax deed, it is proper, on bill to set the same aside as a cloud on title, to award costs against him.

APPEAL from the Circuit Court of Cook county; the Hon. T. A. MORAN, Judge, presiding.

Mr. Augustus N. Gage, for the appellants:

The evidence is not consistent with appellees' theory of an honest effort to make a redemption. *Gage* v. *Scales,* 100 Ill. 218; *Gage* v. *Parker,* 103 id. 528.

There is no evidence to warrant the court in its finding that $20.11 was the proper amount to be paid as a condition of relief.

The decree entered is inequitable. The tender or deposit not being sufficient, appellees should have been required to pay interest. In any view, appellants should not be required to pay the costs of the suit. *Gage* v. *Busse,* 102 Ill. 592.

Mr. Arthur D. Rich, for the appellees:

When a party seeks to redeem his land from tax sale, and calls on the proper officer for that purpose, it is the duty of the officer to state the sum required to redeem; and his mistake or miscalculation will not defeat the redemption certificate, and the officer must make good the deficiency to the holder of the certificate of purchase. *Gage* v. *Scales,* 100 Ill. 218; Cooley on Taxation, 367; *Bubb* v. *Tompkins,* 47 Pa. St. 359; *Dietrich* v. *Mason,* 57 id. 40.

In chancery, the matter of costs is left to the discretion of the court. Rev. Stat. chap. 33, sec. 18; *Carpenter* v. *Davis,* 72 Ill. 14; *Gage* v. *Chapman,* 56 id. 311.

Mr. Justice Scott delivered the opinion of the Court:

This bill was originally brought by Ann Rankin, against James W. Converse and William K. Reed, in the circuit court of Cook county, and was to remove a cloud from the title to the property in controversy, which, it is alleged, was created by a tax deed issued by the county clerk to defendant Converse, and which deed was duly recorded by the proper officer in the county where the land is situated. Afterwards the bill, by leave of court, was so amended as to make Laura

H. Stuart and Mary Ellen Gray co-complainants with Ann Rankin.

The principal ground for relief, as stated in the bill, is that complainant, in good faith, deposited with the clerk of the county court a sum they were advised by the officer transacting the business of the office, was sufficient to redeem the premises from the tax sale to defendant Reed, and received the usual certificate of redemption, and that after it was learned it was claimed the amount deposited was insufficient to effect a legal redemption, complainant, in like good faith, endeavored, through her agent, to ascertain whether any deficit in fact existed, and if so, to pay the same; but it is averred complainants could not find out what it was, and were therefore unable to make any further deposit. All this, it is alleged, was done before the deed was issued. Both defendants answered the bill, and on the hearing the court decreed relief upon condition complainant should pay defendant the amount found to be necessary to complete the redemption.

It is obvious from an inspection of the record in this case, complainant undertook, in the utmost good faith, to redeem her property from the tax sale, and deposited with the county clerk the sum required of her for that purpose, in accordance with the provisions of the statute. Thereupon the clerk issued to her the usual certificate of redemption. Up to this time complainant had done everything the law required her to do to redeem her property from the tax sale. After that was done, she rested in the confident belief the property had, in fact and in law, been redeemed. Subsequently complainant was notified the sum deposited was insufficient to effect a legal redemption. It seems it was claimed the deputy who had such matters in charge in the county clerk's office, in making up the aggregate sum necessary to redeem, made a mistake. The error, if any existed, was trifling in amount, being a sum less than two dollars. The next day after receiving notice of the alleged deficiency in the amount deposited,

she sent her son-in-law to the county clerk's office to look after the matter, but he could not ascertain from any one in the office that any deficiency existed. He was advised by them to go to defendant Reed, who was the purchaser at the tax sale. That the witness did, and took with him the witness Hubbard. His testimony is to the effect he told Reed he learned some deficiency in the redemption was claimed, and asked him if such was the case. Reed said he thought there was some deficiency, but he was busy and could not look into it at that moment. Witness then said to him, "If there is any deficiency in this amount I want to pay it up at once," to which, he says, defendant Reed replied, "I can not stop now, but will make a statement of that deficiency, and give it to you or send it to you." The witness Hubbard, who is totally disinterested, corroborates the witness Smith in every particular, and adds, that when they were about to leave the office, he said, "Now, Mr. Reed, see that you do this, as it is a little matter, and Mr. Smith wants to pay it." This all transpired before the deed was issued. There is no pretence defendant Reed ever sent to complainant, or her agent, any statement of the amount he claimed to be due to effect a valid redemption.

There is a good deal of conflict in the evidence as to what occurred between the parties, but it is thought the weight of evidence is as the circuit court found it. There is certainly no reason to be dissatisfied with the findings of the facts, as was done by that court. Assuming the facts to be as the evidence tends to establish them, and as the trial court found them to be, the case comes clearly within the rule declared in *Gage* v. *Scales*, 100 Ill. 218. It was there held, if a party attempt to redeem, and does all he was required to do by the officers entitled to receive the redemption money, in such case the sale will be discharged, even though in consequence of a mistake of the officer he may have paid less than the proper amount, and on payment by the owner of the defi-

ciency. That is precisely the case here. Complainant paid to the proper officer the full amount required of her to redeem the property, under the provisions of the statute. This fact in the case is not controverted. As before remarked, the evidence warrants the belief that after it was claimed the amount deposited was insufficient to effect the redemption, complainant did everything she could reasonably do to correct the mistake that had occurred. She was in no way to blame for the mistake made by the officer, nor was she guilty of any *laches* in trying to correct the error alleged to exist. She caused application to be made to the proper officer in the county clerk's office at once after receiving notice, but that officer was unable to detect any error. Her agent was advised to apply to the purchaser himself, which he did at once. It is in evidence he said he was then too busy to look into the matter, but would do so and make him a statement, and either give it to the agent or send it to him. That was never done. It seems the owner did everything she could reasonably do to redeem her property, and was in no default. It follows, therefore, the taking of the tax deed by Reed in the name of Converse was wrongful, and cast a cloud upon the title of complainants' property, which they were entitled to have removed upon terms which might be deemed equitable by the court.

Under a statute of this State, (Rev. Stat. 1874, sec. 18, chap. 33,) the matter of costs in most chancery cases is within the discretion of the court. That discretion, it is thought, under the facts in this case, was well exercised in awarding costs against defendants.

The decree of the circuit court must be affirmed.

*Decree affirmed.*