## James M. Keller et al. v. William Bading.

1. INTERPLEADER—*Eminent Domain Proceedings—Costs.*—Where the money for lands taken by proceedings, under the eminent domain act have been paid into the county treasury, and is claimed by different parties, the treasurer may file a. bill of interpleader, and his costs will come out of the fund.

2. COSTS—*As to Nominal Parties.*—Where a party to a chancery proceeding, who has no interest in the subject-matter of the controversy, desires to avoid costs, he should disclaim. If he denies by demurrer the authority of the court to act, costs may be properly adjudged against him.

**Bill of Interpleader.**—Appeal from the Superior Court of Cook County; the Hon. JOHN BARTON PAYNE, Judge, presiding. Heard in this court at the March term, 1896. Affirmed. Opinion filed April 27, 1896.

CRUIKSHANK & ATWOOD, attorneys for appellants.

ERNEST SAUNDERS, attorney for appellee.

The awarding of costs is discretionary with a court of chancery. Frisby v. Ballance, 4 Scam. 287; McArtee v. Engart, 13 Ill. 243; Carpenter v. Davis, 72 Ill. 14; Field v. Oppenstern, 96 Ill. 580; Schultze v. Houfes, 96 Ill. 335; Field v. Oppenstern, 98 Ill. 68; Askew v. Springer, 111 Ill. 667; Converse v. Rankin, 115 Ill. 402.

MR. PRESIDING JUSTICE GARY DELIVERED THE OPINION OF THE COURT.

Very shortly stated, this case is: Bading and wife, as tenants in common (Cooper v. Cooper, 76 Ill. 57), owned a lot from which part had been taken in proceedings under the eminent domain act, and the money for it was in the hands of the county treasurer. There was a mortgage upon the lot executed by the husband and wife, and a judgment later in the Circuit Court against the husband, in favor of the appellants.

The husband and wife filed this bill to have the court decide who should have the money, and the appellants

demurred. Their demurrer being overruled, and they electing to stand by it, the court awarded the money, by consent of the husband and wife, to the mortgagee, who had asked for it by answer only, filing no cross-bill.

The mortgagee was entitled to the money. Colehour v. State Savings Inst., 90 Ill. 152. The appellants do not question that, but they say that they "do not know how to designate this bill." Had it been filed by the county treasurer, it would have been a bill of interpleader, and his costs would have come out of the fund. But Bading and his wife were concerned to have the money properly appropriated, thereby stopping interest. Had the appellants disclaimed, doubtless the court would not have adjudged costs against them; but denying, by demurrer, the authority of the court to act, the costs were properly adjudged against them. Converse v. Rankin, 115 Ill. 398.

Whether the mortgagee filed a cross-bill or not does not concern the appellants, nor do they complain of the manner of proceeding, if the bill was properly filed, except as to costs.

The decree is affirmed.