HENRY ISHERWOOD v. H. L. JENKINS LUMBER COMPANY.[1]

November 22, 1901.

Nos. 12,846—(86).

## Personal Injury—Fall of Lumber.

Action to recover for personal injuries caused by a pile of lumber falling upon the plaintiff, which he alleged belonged to the defendant and was negligently piled. *Held*, upon a consideration of the evidence, that the trial court erred in directing a verdict for the defendant.

Action in the district court for Stevens county to recover $10,000 for personal injuries. The case was tried before Powers, J., and a jury, which rendered a verdict in favor of defendant under instructions of the court. From an order denying a motion for a new trial, plaintiff appealed. Reversed.

*Cliff & Purcell*, for appellant.

*James A. Kellogg*, for respondent.

START, C. J.

This is a personal injury action. At the close of the plaintiff's evidence, both parties resting, the trial court directed a verdict for the defendant on the ground that there was no evidence to sustain a verdict for the plaintiff. The plaintiff appealed from an order denying his motion for a new trial.

The question to be here decided is whether the evidence was sufficient to take the case to the jury. If, as a matter of law, there was no evidence tending to establish the plaintiff's alleged cause of action, the trial court rightly directed a verdict, and properly denied the plaintiff's motion for a new trial. But, if there was evidence reasonably tending to prove the plaintiff's case, the order was wrong, and he is entitled to a new trial. In considering this question, we must take the most favorable view for the plaintiff of the evidence which it will fairly justify.

The evidence, so construed, reasonably tends to establish these facts: The defendant at and prior to the accident owned, and

[1] Reported in 87 N. W. 931.

conducted by an agent, a retail lumber yard in the village of Morris, this state. Near the lumber yard, and between it and the railroad track, was a passageway or alley, along the yard side of which rows of lumber piles were placed, with the ends of the lumber towards the alley, and at right angles thereto. This alley was used by the defendant for the passage of the wagons of its customers along and in front of its lumber piles, from which they could be loaded. One of the lumber piles contained dimension lumber, against and in front of which, and parallel to the alley, was a pile of scantlings, four by four inches, and some eighteen feet long, piled or thrown one on top of the other, with no cross sticks between them. This pile was from five to six feet high, four or five feet wide at the bottom, and bulged out a little at a point about two feet above the ground.

The plaintiff at the time of the accident was in the lumber yard for the purpose of assisting a neighbor in loading and hauling away lumber which he had purchased of the defendant. The defendant's agent was directing the work of delivering and loading the lumber. By his direction, one of the wagons was placed in the alley, in front of the pile of dimension lumber and the pile of scantlings. He then got upon the dimension pile, which was about six feet high, and while passing a stick of timber from this pile over the pile of scantlings, but not interfering with the latter, to the plaintiff, who was standing with his back to the piles, so as to place his shoulder under the stick and carry it to the wagon, the pile of scantlings fell down upon him, catching his leg, thereby throwing him upon the ground and crushing his foot and ankle. The pile of scantlings was in plain view, and the manner in which it was constructed open to observation. The accident occurred in the daytime.

Are these facts sufficient to justify the jury in inferring prima facie that the defendant was guilty of negligence, which was the proximate cause of the plaintiff's injury, and that he was not guilty of contributory negligence? We answer the question in the affirmative. The evidence as to the pile of scantlings, its construction, and the manner in which it fell, fairly bring this case

within the rule that where the thing causing the accident is shown to be in the possession and control of the defendant, and the accident is such as in the ordinary course of things does not happen if those having such possession and control use due care, it affords reasonable evidence, if unexplained, that the accident arose from want of care. Ryder v. Kinsey, 62 Minn. 85, 64 N. W. 94; Olson v. Great Northern Ry. Co., 68 Minn. 155, 71 N. W. 5.

The evidence also directly tends to show that the pile was in fact negligently constructed, and that such negligence was the cause of the plaintiff's injury. But the defendant urges that there was no evidence that the land upon which the lumber was piled belonged to the defendant, or that such lumber pile was the property of the defendant, or that it had any ownership or control over it, or any duty to perform concerning it. If by this claim it is meant that there was no direct proof of these facts, it must be conceded; but the facts which the evidence tends to establish justify the inference that the pile of lumber in question was a part of the defendant's stock of lumber in the yard, managed and controlled by its agent. Again, it is contended that the plaintiff was guilty of contributory negligence, and assumed the risk of working in front of this lumber pile. These, under the evidence, were not questions of law, but of fact, to be submitted to the jury. It follows that this cause should have been submitted to the jury, and that the trial court erred in directing a verdict.

Order reversed and a new trial granted.