HENRY ISHERWOOD v. H. L. JENKINS LUMBER COMPANY.[1]

November 14, 1902.

Nos. 13,176—(118).

**Personal Injury—Champertous Contract as Defense.**
    In this, a personal injury action, it is *held*:
    1. The verdict is sustained by the evidence.
    2. The trial court did not err in its rulings as to the admission of evidence.
    3. The defendant cannot avail itself of an alleged champertous contract, either as a defense, or by bringing it to the attention of the court and securing a dismissal of the action.

Appeal by defendant from an order of the district court for Stevens county, Flaherty, J., denying its motion for judgment notwithstanding the verdict or for a new trial. Affirmed.

*James A. Kellogg* and *Lewis C. Spooner*, for appellant.

*Cliff & Purcell*, for respondent.

START, C. J.

Action to recover damages for personal injuries sustained by the plaintiff from the fall of a pile of lumber in the defendant's yard. This is the second appeal herein. The nature of the action and the facts as claimed by the plaintiff are stated in the opinion of the court on the former appeal, and need not be here repeated. Isherwood v. H. L. Jenkins Lumber Co., 84 Minn. 423, 87 N. W. 931. The second trial of the action resulted in a verdict for the plaintiff in the sum of $1,000, and the defendant appealed from an order denying its motion for judgment notwithstanding the verdict, or for a new trial.

1. The defendant urges that the verdict is not sustained by the evidence, for the reason that it fails to show that the defendant was negligent in the premises, but does conclusively show that the plaintiff was guilty of contributory negligence, and that he assumed the risk of the position in which he placed himself at the time he was injured. The evidence of the plaintiff tended to estab-

[1] Reported in 92 N. W. 230.

lish substantially the same facts as the evidence on the former trial, which we held was sufficient to take the case to the jury upon all of these questions. The evidence on the part of the defendant tended to show that the pile of lumber which fell and injured the plaintiff was a small, temporary pile, placed against the ends of the permanent piles to be thereafter placed therein; that it was in plain view of the plaintiff; and that by the exercise of ordinary care he might have avoided the accident. The evidence, however, was far from conclusive in the defendant's favor, and, from an examination of the whole record, we are of the opinion that all of the questions were for the jury, and that the verdict is sustained by the evidence.

2. The plaintiff was permitted to testify that before his injury his health had been good. This is urged as error, because "it may have been that plaintiff was disabled from other causes than the injury complained of, and yet the jury may have based their estimate of damages wholly on this evidence." There was no evidence of other causes, and, were it otherwise, it is obvious that the statement of the plaintiff as to his health could not have been prejudicial. There was no error in the ruling. The trial court also permitted, over the objection of the defendant, a witness, not an expert, to testify that he saw the plaintiff after the accident, and that he appeared to be in pain. This is urged as error, for the reason that it is merely an opinion of the witness, and not a narration of facts observed by him. It was not error to receive the evidence, for it is competent for such a witness to testify that a person appeared to be sick or well or in pain. Cannady v. Lynch, 27 Minn. 435, 8 N. W. 164; Hall v. City of Austin, 73 Minn. 134, 75 N. W. 1121.

3. The defendant offered to prove a contract between the plaintiff and others as to the prosecution of this action, which, for the purposes of this appeal, we assume was champertous. The court, on the objection of the plaintiff, excluded the offer, and the ruling is assigned as error. The ruling was correct, for the offer was not germane to any of the issues made by the pleadings, nor did the contract in any manner affect the merits of the action. If the plaintiff has a cause of action against the defendant on the merits,

he is entitled to a speedy and certain remedy in the laws for the wrongs he has suffered. And to permit the defendant to escape liability therefor by showing that the plaintiff had made a champertous agreement which is void would be as unjust and unreasonable as it would be to permit the defendant to escape liability by showing that the plaintiff, if such were the case, was a bad man. We are not disposed to minimize the evils of champertous agreements, and will refuse, on grounds of public policy, to enforce them. Huber v. Johnson, 68 Minn. 74, 70 N. W. 806; Gammons v. Gulbranson, 78 Minn. 21, 80 N. W. 779. But upon principle and the decided weight of authority we hold that a defendant cannot avail himself of a champertous contract by the plaintiff, either as a defense, or by bringing it to the attention of the court and securing a dismissal of the action. 5 Am. & Eng. Enc. (2d. Ed.) 832; Woods v. Walsh, 7 N. D. 376, 75 N. W. 767.

4. At the close of the evidence the defendant requested the court to direct a verdict in its favor on the ground, among others, that the plaintiff was guilty of contributory negligence. The court gave its decision on the motion in these words:

"The question of contributory negligence will be submitted to the jury, although the court has some doubt about the propriety of submitting that question to the jury on the facts in the case."

This is assigned as error, because it gave the jury to understand that the judge regarded the question of contributory negligence as trifling. The remark was directed to the attorneys, and, even if it was heard by the jury, it was not prejudicial, for the court fully and fairly instructed the jury upon the question, and left it for them to determine upon the evidence.

5. There is no assignment of error which raises the question that the damages are excessive, as urged by counsel on the oral argument for the first time. Therefore we cannot consider the question. We find no reversible error in the record.

Order affirmed.