CARRIE E. WILKINSON

*v*.

MATILDA COX *et al*.

*Opinion filed June 19, 1907—Rehearing denied October 2, 1907.*

1. APPEALS AND ERRORS—*motion to give security for costs must be made early.* A motion for a rule upon a non-resident plaintiff in error to give security for costs and for a dismissal of the case upon failure to comply with the rule is a dilatory motion, which must be made as early as possible, and comes too late after the case has been taken upon the regular call of the docket.

2. JUDICIAL SALES—*when judicial sale of land en masse will be set aside.* While mere inadequacy of price for lands sold subject to redemption is not, of itself, ground for equitable interference, yet if the inadequacy is gross, the property is sold *en masse* and the requirements of the statute designed for the protection of the owners of the property have not been observed, the sale will be set aside.

3. SAME—*a fee bill cannot be levied until thirty days after demand for payment.* Under section 28 of the Costs act a fee bill cannot be levied upon land until thirty days after demand for payment, and if the fee bill is levied without any demand and a sale *en masse* had for grossly inadequate price the sale will be set aside, as against the purchaser and his grantees with notice, at the suit of one who acquired title after the fee bills became liens but before they were levied upon the property, without requiring the complainant to pay the fee bills.

4. SAME—*when grantees of purchaser at sale are not bona fide purchasers without notice.* Where the owner of land and her grantee have been in continuous possession of the property from the time certain fee bills became liens upon the land until a suit was brought to set aside a sale of land under such fee bills, grantees of the purchaser at the sale are charged with notice of the rights of such owner and grantee, and also of the fact (which would have been disclosed upon inquiry) that no demand for payment of the fee bills was made before they were levied.

WRIT OF ERROR to the Superior Court of Cook county; the Hon. O. E. HEARD, Judge, presiding.

This was a bill in chancery filed in the superior court of Cook county by the plaintiff in error, against the defendants in error, to set aside and cancel as clouds upon her title to

certain lots situated in the city of Chicago, two sheriff's sales made upon fee bills issued against Ruth Wixon, a former owner of said lots, in two cases theretofore pending in the circuit court of said county wherein judgment had been rendered against said Ruth Wixon for costs, and two sheriff's deeds, made by virtue of said sheriff's sales, to James B. Cox, the purchaser at said sales, and two quit-claim deeds made by James B. Cox to James R. Smiley, conveying to said Smiley said lots, and a quit-claim deed made by said James R. Smiley to Cornelius J. Ton conveying certain of said lots to Ton. An answer and replication were filed, and a trial was had in open court and a decree was entered dismissing the bill for want of equity, and complainant has sued out a writ of error from this court to review said decree.

The complainant is a daughter of Ruth Wixon, and on September 22, 1903, Ruth Wixon conveyed said lots to Adelaide Graham, who upon that day conveyed the lots to the complainant. At the time of said conveyances the judgments for costs against Ruth Wixon in said suits were liens upon said lots, and subsequently fee bills were issued upon said judgments and levied upon said lots, and they were sold to James B. Cox to satisfy said fee bills, one sale being for the sum of $103.55 and the other for the sum of $117.04, and no redemption having been made from either of said sales, the sheriff executed deeds to said James B. Cox. Mrs. Wixon had resided at 5754 Dearborn street, in the city of Chicago, for many years, and her place of residence was well known to her sister, Mrs. Matilda Cox, in whose favor said fee bills were issued, and to James B. Cox, who was the purchaser at said sheriff's sales. She testified that lot 4 described in the said bill, (which was subdivided into four lots,) which was sold for $103.55, was worth from $4000 to $5000, and lots 23 to 27, inclusive, described in said bill, which were sold for $117.04, were worth $5000, which testimony was uncontradicted. She also testified that no demand was made upon her for payment of said fee bills, or

either of them, at any time by the sheriff prior to the levies upon and sales of said lots. Neither was a demand for payment thereof made upon the complainant or Adelaide Graham prior to the levies upon and sales of said lots and the returns of the sheriff upon said fee bills, or either of them, or the records of the sheriff's office fail to show such demand.

A. G. Dicus, for plaintiff in error.

Frederic R. DeYoung, for defendants in error.

Mr. Chief Justice Hand delivered the opinion of the court:

A motion was made in this case for a rule upon plaintiff in error to give security for costs as a non-resident, and for an order of dismissal against the plaintiff in error upon her failure to comply with such rule. A motion to rule a non-resident plaintiff in error to give security for costs is a dilatory motion, and should be made at the earliest moment at which it can be made. This motion was not made until after the case had been taken upon the regular call of the docket. It therefore came too late.

The validity of the sales made by the sheriff under said fee bills is attacked upon the grounds that the premises were sold *en masse;* that the sales were made at a grossly inadequate price, and that no demand was made upon Ruth Wixon for the payment of the costs mentioned in said fee bills prior to the time they were levied upon said lots and sales made thereunder to James B. Cox.

It appears from the undisputed evidence that property worth from $4000 to $5000 was sold *en masse* for $103.55 and property worth $5000 was sold *en masse* for $117.04. While mere inadequacy of price bid for lands sold subject to redemption will not, of itself, constitute ground for equitable interference, yet where the inadequacy is gross, the property is sold *en masse,* and the requirements of the stat-

ute designed for the protection of the owners of the property have not been observed, the sale will be set aside. (*Henderson* v. *Kibbie,* 211 Ill. 556.)    Section 28 of the Cost act (Hurd's Stat. 1905, p. 557,) provides that where a fee bill shall come into the hands of a sheriff he shall demand payment from the person therein charged, and if payment shall not be made accordingly within thirty days after such demand, the sheriff shall levy the same on the goods and chattels, lands and tenements of the person so chargeable and proceed therein in all things as on a writ of *fieri facias.*  In *Henderson* v. *Kibbie, supra,* it was held that said section 28 of the Cost act does not authorize the levy of a fee bill upon lands unless payment of the fee bill shall not be made within thirty days after demand for payment.  We think it clear that said sales, by reason of the grossly inadequate price at which the lots were sold *en masse* and for want of proper demand for payment of said fee bills, before levies were made, upon Ruth Wixon, rendered said sales void, and that they should have been set aside as clouds upon plaintiff in error's title as against James B. Cox, the purchaser at said sales.

We also think that such sales were void as against James R. Smiley and Cornelius J. Ton.  Mrs. Wixon or the complainant were in the continuous possession of the said lots, through their tenants, from the time said fee bills became liens thereon until this suit was brought, and by reason of their possession Smiley and Ton had notice of their rights, if any, in said premises, and had they made inquiry of them they would have been advised that said fee bills had been levied upon said premises and said lots sold without any previous demand of payment having been made upon either Mrs. Wixon or the complainant.  It is also clear that by reason of their possession *laches* cannot be imputed to them.

The sales having been made *en masse* for an inadequate consideration and without previous demand for payment were void, and they should be set aside without requiring

the plaintiff in error to pay and satisfy said fee bills. *Conwell* v. *Watkins,* 71 Ill. 488.

The decree of the superior court will be reversed and the cause remanded to that court, with directions to enter a decree in accordance with the prayer of the bill.

*Reversed and remanded, with directions.*