[No. 1848]

WINFIELD SCOTT PROSKY AND GEORGE HAFER, APPELLANTS, v. CHAS. CLARK, ED. MURPHY, J. A. JACOBSON, J. H. MAYNE, BEN HAZELTINE, AND P. F. McMANUS, RESPONDENTS.

1. ASSIGNMENTS—CAUSE OF ACTION FOR FRAUD—ASSIGNABILITY.
    Rights of action based on fraud are not assignable, but are personal to the one defrauded.

2. CHAMPERTY AND MAINTENANCE — CHAMPERTOUS CONTRACTS — PERSONS ENTITLED TO RAISE OBJECTION.
    Champerty is not a defense except between the parties to the champertous agreement whenever the contract is sought to be enforced; and hence one sued on a contract cannot complain that one of the plaintiffs with whom the contract was made had transferred a half interest in the contract to the other plaintiff, and that such transfer was champertous.

3. CHAMPERTY AND MAINTENANCE—ACTION ON CONTRACT—DEFENSE OF CHAMPERTY—NONSUIT.
    In an action by H. and P. on a contract between H. and defendant, a half interest in which was assigned by H. to P., it was not ground for nonsuit that such assignment was champertous, since the champerty could only affect the right of P.

APPEAL from District Court of the First Judicial District of the State of Nevada, Lyon County; F. P. Langan, Judge.

Action by Winfield Scott Prosky and another against Charles Clark and others. From an order granting a motion for a nonsuit, plaintiffs appeal. **Reversed and remanded,** with directions.

The facts are sufficiently stated in the opinion.

*Mack & Green*, and *Horatio Alling*, for Appellants:

The common-law doctrine of champerty and maintenance is not in force in Nevada. As to the general current of authority see Cyc. vol. 6, p. 850, A, B, C; *Brown* v. *Bigne*, 21 Or. 260, 28 Pac. 11; *Fenn* v. *McCarrell*, 208. Pac. 615, 57 Atl. 1108. It is the contention of the appellants that there were present in the case of *Gruber* v. *Baker* none of the elements of either champerty or maintenance as defined by the authorities and understood at common law. The action was brought by Mrs. Gruber in her own name for certain relief. It transpired upon the trial that one Pollard, owning an equal interest in the mine and desiring the same relief sought by Mrs. Gruber, for the purpose of adjusting both demands in one suit, deeded his interest to Mrs. Gruber, who executed to him a contemporaneous agreement to reconvey to him in the event of her prevailing in the action his full interest, it being further agreed that Pollard should pay his share of the expense of the litigation. It was this transaction which Justice Murphy held to be champertous and void, and it was held by Justice Murphy and Chief Justice Hawley that Mrs. Gruber was entitled to recover only on behalf of her interest and nothing on behalf of the Pollard interest, Justice Murphy basing his conclusions upon the champertous character of the transaction between Pollard and Mrs. Gruber, but Justice Hawley predicated his decision upon our statute as to parties, holding in that connection that Mrs. Gruber was not the real party in interest so far as the Pollard interest was concerned. The rule applicable to the plea of champerty as a defense in general will be found in the following cases: Cyc. vol. 6, p. 858, c. 882–2, 882–3; Ency. Pl. & Pr. vol. 4, p. 370; *Courtright* v. *Burnes*, 13 Fed. 317, and exhaustive note to same by Seymour D. Thompson; *Robertson & Hobbs* v. *Cayard*, (Tenn.) 77 S. W. 1056; *Burnes* v. *Scott*, 117 U. S. 582, 29 L. Ed. 991.

*Samuel Platt*, for Respondents:

The common-law English doctrine of champerty exists in full force and effect in Nevada. It is taken for granted that appellants do not deny the adoption by our state constitution of the common law of England as the basis of our system of jurisprudence. (Comp. Laws, act adopting the common law of England, 3095, sec. 1, 1900; *Hamilton* v. *Kneeland*, 1 Nev. 40; *Clark* v. *Clark*, 17 Nev. 124; *Evans* v. *Cook*, 11 Nev. 69; *Ex Parte Blanchard*, 9 Nev. 105; *Gruber* v. *Baker*, 20 Nev. 453; Comp. Laws, 4788, "Common Law Crimes," sec. 151 defining punishment therefor.) That there is no statute existing in this state repealing, modifying or in any particular rejecting the common-law doctrine of champerty and maintenance, is to be presumed, by the failure of appellants to cite such, and the like inability on the part of respondents to discover any. (*Gruber* v. *Baker*, 20 Nev. 453.) As to whether or not the common law of England, and its doctrines, is operative and in force in other states, it is a well-settled principle in this country that it is presumed to be in force, and to be the same as the common law of the forum. (See cases cited Cyc. vol. 8, p. 387, note 34; *McKennon* v. *Winn*, 1 Okl. 327, 22 L. R. A. 501, note.)

Champerty, which is an aggravated species of maintenance, is a common-law offense, having its origin under the Roman law, and did not depend, for its existence, upon statutory enactments in England; such statutes as were subsequently enacted were in substance merely declaratory of the common-law doctrine, the fundamental principles of the law upon the subject being well established prior thereto. (*Thallhimer* v. *Brinckerhoff*, 3 Cow. 623, 15 Am. Dec. 308, citing Code, bk. 2, tit. 59, Dig. bk. 5, tit. 1, 89; Huber, Praelect, 457, 1478; Inst. bk. 4, tit. 16; Inst. bk. 4, tit. 1, 33; Wood, Civ. L. 341; Statute of Westm. 1, c. 25; 3 Edw. I; 28 Edw. I, c. 11; 33 Edw. I; 32 Hen. VIII, c. 9; *Johnson* v. *Van Wyck*, 4 App. Cas. 294, 41 L. R. A. 520, 22 Wash. Law Rep. 713.)

That an agreement by a third person (other than an attorney) to defray the expenses of a suit in which he has no interest, or to give substantial support in aid thereof, in consideration of a share of the recovery, is champertous, see

*Wheeler* v. *Pounds*, 24 Ala. 472: *Byrd* v. *Odem*, 9 Ala. 755; *Meeks* v. *Dewberry*, 57 Ga. 263; *Coleman* v. *Billings*, 89 Ill. 183; *Brown* v. *Beauchamp*, 5 T. B. Mon. 413, 17 Am. Dec. 81; *Gammons* v. *Johnson*, 76 Minn. 76, 78 N. W. 1035; *Taylor* v. *Gilman*, 58 N. H. 417; *Lyon* v. *Hussey*, 82 Hun, 15; *Campbell* v. *Jones*, 4 Wend. 431.

Both in England and the United States agreements founded upon considerations tainted with champerty or maintenance are regarded as against public policy and void. (*Irwin* v. *Curie*, 171 N. Y. 409, 58 L. R. A. 830; *Gruber* v. *Baker*, 20 Nev. 453; *Brindley* v. *Brindley*, 121 Ala. 429, 25 South. 751; *Johnson* v. *Van Wyck*, 4 App. Cas. 294, 41 L. R. A. 520, 22 Wash. Law Rep. 713; *Geer* v. *Frank*, 179 Ill. 570, 45 L. R. A. 110, affirming 79 Ill. App. 195.)

That the doctrine of champerty is likewise operative and in force, covers the same facts as involved in the case at bar, and is under the same common-law definition, see *Gilman* v. *Jones*, 87 Ala. 691, 697, 4 L. R. A. 113; *Holloway* v. *Lowe*, 7 Port. 488, 490; *Byrd* v. *Odem*, 9 Ala. 755, *Wheeler* v. *Pounds*, 24 Ala. 472.

That such champertous contracts are illegal and void, see *Brindley* v. *Brindley*, 121 Ala. 429, 25 South. 751.

*Mack & Green*, for Appellants, in reply:

An examination of other authorities will disclose that in the following states the doctrine of champerty is held not to come within the general adoption of the common law, because of the unsuitability of that doctrine to conditions of today: *Fenn* v. *McCarrell*, 57 Atl. 1108; *Casserleigh* v. *Wood*, 14 Colo. App. 265, 59 Pac. 1024; *Wright* v. *Meek*, 3 G. Gr. 472; *Bentinck* v. *Franklin*, 38 Tex. 458; *Mott* v. *Small*, 20 Wend. 212; *Sedgwick* v. *Stanton*, 14 N. Y. 289; *Schaferman* v. *O'Brien*, 28 Md. 565, 92 Am. Dec. 708; *Schomp* v. *Schenck*, 40 N. J. L. 195; *Richardson* v. *Rowland*, 40 Conn. 572; *Lytle* v. *State*, 17 Ark. 609.

By the Court, NORCROSS, C. J.:

This is an appeal from an order granting a motion for a nonsuit. The action was brought by the appellants, as plaintiffs, against the above-named respondents to recover posses-

sion of an undivided one-fourth interest in and to certain mining claims situated in Ramsey District, Lyon County, under and by virtue of a certain written contract alleged to have been entered into between the appellant George Hafer and certain of the above-named respondents. The motion for nonsuit was granted upon the sole ground of an alleged champertous contract entered into between the appellants prior to the commencement of the action under the provisions of which the said appellant Winfield Scott Prosky was granted a one-half interest of the property rights of the said appellant George Hafer in the property in controversy.

In the view we take of this case, it is unnecessary to determine the question whether the agreement entered into between appellants Prosky and Hafer was in fact champertous, nor to determine the extent to which the doctrine of champerty prevails in this state. The case of *Gruber* v. *Baker*, 20 Nev. 453, 9 L. R. A. 302, so much relied on by counsel for respondent, presented a somewhat different legal proposition than that involved in this case; besides, the point that we deem controlling here does not seem to have been presented in that case at all. Rights of action based on fraud, like that assigned by Pollard in the Gruber case, are held by the courts to be not assignable, but are personal to the one defrauded. See authorities cited and quoted from in the opinion of Murphy, J., in *Gruber* v. *Baker, supra,* 20 Nev. 469, 470, 9 L. R. A. 302; and see, also, the following authorities: Bigelow on Fraud, pp. 346–350; *Brock* v. *Rogers,* 184 Mass. 545, 69 N. E. 334; *Simar* v. *Canaday,* 53 N. Y. 298, 13 Am. Rep. 523; *Shaw* v. *Gilbert,* 111 Wis. 165, 195, 86 N. W. 188; *Lame* v. *Frawley,* 102 Wis. 373, 78 N. W. 593; *Norton* v. *Tuttle,* 60 Ill. 130; 20 Cyc. 82. In this case the contract entered into between Hafer and certain of the defendants, and which forms the basis of this action, was not itself tainted with fraud. He could make a valid assignment of all or a portion of his interest, and such assignment might or might not be of a champertous character.

No matter what the circumstances of the assignment of the right of action growing out of the fraud may be, it is held to be against public policy, and by some authorities is said to savor of the character of maintenance. This rule is applied

even in jurisdictions which do not recognize the common-law doctrine of champerty and maintenance growing out of the old English statutes. The reason for the enactment of the English statutes of champerty and maintenance having very largely ceased to exist, the extent to which the doctrine is applied varies greatly in different states. Some states, for example California, have refused to recognize it at all. Others, like New York, have enacted statutes which have either abolished the old rule or greatly limited its application. The doctrine, however, is in force to a greater or less extent in the majority of jurisdictions.

The great weight of authority is to the effect, however, that the rule rendering contracts void for champerty, cannot be invoked except between the parties to the champertous agreement in cases where such contract is sought to be enforced. (*Burnes* v. *Scott*, 117 U. S. 582, 6 Sup. Ct. 865, 29 L. Ed. 991; *Courtright* v. *Burnes*, 13 Fed. 317, and note; *Gage* v. *Du Puy*, 137 Ill. 652, 24 N. E. 541, 26 N. E. 386; *Torrence* v. *Shedd*, 112 Ill. 466; *Henderson* v. *Kibbie*, 211 Ill. 556, 564, 71 N. E. 1091; *Vimont* v. *C. & N. Ry. Co.*, 69 Iowa, 296, 22 N. W. 906, 28 N. W. 806; *Ellis* v. *Smith*, 112 Ga. 480, 37 S. E. 739; *Ry. Co.* v. *Smith*, 60 Ark. 221, 29 S. W. 752; *Woods* v. *Walsh*, 7 N. D. 376, 75 N. W. 767; *Davis* v. *Settle*, 43 W. Va. 17, 26 S. E. 557; *Isherwood* v. *Jenkins L. Co.*, 87 Minn. 388, 92 N. W. 230; *Pennsylvania Co.* v. *Lombardo*, 49 Ohio St. 1, 29 N. E. 573, 14 L. R. A. 785, and note; *Croco* v. *Oregon Short Line R. R. Co.*, 18 Utah, 311, 54 Pac. 985, 44 L. R. A. 285; *Euneau* v. *Rieger*, 105 Mo. 659, 16 S. W. 854; *Hilton* v. *Woods*, L. R. 4 Eq. Cas. 432; *Elborough* v. *Ayres*, L. R. 10 Eq. Cas. 367; 6 Cyc. 880; 19 Cent. L. J. 402; 5 Am. & Eng. Ency. Law, 2d ed. 832.)

If the contract between Prosky and Hafer was unexecuted and was in fact champertous, in a suit by Prosky against Hafer to enforce the contract, the latter might set up the defense that the contract was void for champerty. Such, however, is not this case. There is no controversy between the plaintiffs, and whether the suit is conducted in the name of Hafer alone or in his name and that of his grantee or assignee is of no consequence to defendants. (*Gage* v. *Du Puy, supra.*) Upon the other hand, conceding, for the purposes of this case,

that the contract between Hafer and Prosky was void for champerty, only the alleged right of action of Prosky would be affected. All the right of action was held either by Hafer alone, or by Hafer and Prosky jointly. In either event, a motion for a nonsuit could not be supported upon the theory that the conveyance or assigment from Hafer to Prosky was void for champerty.

The judgment and the order granting the motion for a nonsuit are reversed, and the cause remanded, with directions to the trial court to deny the motion for nonsuit and for further proceedings.