CAROLINE KARLE, Defendant in Error, *vs.* MAMIE SCHLICK *et al.* Plaintiffs in Error.

*Opinion filed October 26, 1912.*

1. APPEALS AND ERRORS—*argument is presumed to include all objections relied upon.* Where an argument is presented to the Supreme Court which purports to state the objections to the judgment or decree and the rules of law which are alleged to have been violated, it will be presumed that the argument includes all objections relied upon.

2. COSTS—*when it is not error to apportion costs.* It is not error to apportion the costs between the complainant and the defendant upon setting aside a sheriff's deed, even though no tender was made before the bill was filed, where the sale was set aside for want of demand for payment and other irregularities, coupled with gross inadequacy of price, and where the defendant acquired the deed with full notice of complainant's rights, and had therefore no absolute right to reimbursement although the court provided therefor in its decree.

WRIT OF ERROR to the Circuit Court of Cook county; the Hon. THOMAS WINDES, Judge, presiding.

JAMES N. TILTON, for plaintiffs in error.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

The plaintiffs in error, Mamie Schlick and Wilton B. Judd, by means of a writ of error sued out of this court seek the reversal of a decree entered in the circuit court of Cook county on a bill filed against them and Noah Van-Kleef by the defendant in error, Caroline Karle, setting aside a sale on execution, a redemption therefrom, a sale in pursuance of redemption, and a sheriff's deed, on condition that the defendant in error should pay to the plaintiff in error Mamie Schlick $217.22, with interest from June 13, 1907.

The material facts found by the decree were, that on April 4, 1906, the defendant Wilton B. Judd recovered a judgment before a justice of the peace against the complainant for $150 and costs of suit; that three days afterward an execution was issued and returned the same day "No property found," without notice to the complainant or demand for payment; that a transcript was issued on the same day and on April 11, 1906, was filed in the circuit court; that an execution was issued on the judgment, and without demand or notice to complainant was levied on the lot in question and a sale was made to Judd for $195; that Noah VanKleef obtained an assignment of another judgment for $3 entered in the superior court of Cook county against complainant, and by virtue of an execution issued thereon redeemed from the sheriff's sale and became the purchaser at the redemption sale; that no attempt was made to collect the judgment for $3 and no demand for payment was made on the complainant, who was in the open, visible and actual possession of the premises; that Noah VanKleef conveyed the lot to the defendant Mamie Schlick; that the adjoining lot was occupied as a homestead by complainant; that the lot sold was of the value

of $1500 and the sale was for a grossly inadequate price; that Judd had been the attorney of complainant, and that the defendant Mamie Schlick obtained whatever right or interest she had, with full notice of the equities of the complainant. The chancellor found, as matter of law, that taking out an immediate execution and returning the same without demand for payment, procuring and filing the transcript and levy of the execution on the lot without demand or notice to the complainant, were such irregularities in the proceedings as, with the gross inadequacy of price, entitled the complainant to the relief granted.

Counsel for the plaintiffs in error, under the heading "Statement of facts," gives a brief statement of the nature of the decree, with a number of rules of law and the authorities sustaining such rules. This is followed by an argument setting forth the grounds upon which a reversal is asked for, and no others will be considered. Where an argument is presented which purports to state the objections to a judgment or decree and the rules of law which are alleged to have been violated, it will be presumed that the argument includes all objections relied upon.

In the argument it is first said that if the complainant had a homestead in the land it was error to set aside the sale, and the correct practice would have been to set off the homestead under the equitable doctrine stated in *Krupp* v. *Brand,* 200 Ill. 403, and other cases, which hold that a purchaser at a sale under execution of homestead premises worth more than $1000 may maintain a bill in equity to have the homestead set off. Not only has that rule no relation to this case, but there is no question of homestead involved, as the complainant did not ask to have the sale set aside because she had any homestead right in the lot.

It is next stated that the complainant filed a general appearance and answer in a suit brought for divorce by her husband; that she appeared at the trial and contested the right to a divorce, and that the divorce was granted,

which terminated her right of homestead. There is nothing in the pleadings or the certificate of evidence as abstracted by the plaintiffs in error alleging or proving any such facts, and, as before said, there is no question of homestead involved, but the sales and deed were set aside for gross inadequacy of price and material irregularities amounting to a fraud on the complainant.

The chancellor apportioned the costs and required the complainant to pay one-half and the defendant Mamie Schlick the other half, and the last point made in the argument is that costs could not properly be decreed against a defendant, for the reason that there was no tender of the amount for which the sale was made. Costs will not be decreed, on setting aside a cloud on title, where the defendant is equitably entitled to reimbursement, if he has been guilty of no improper conduct and no tender was made before suit was brought. This has been held in several cases where tax deeds were set aside and the holder of the tax title was not at fault in any way. But it was held in *Converse* v. *Rankin,* 115 Ill. 398, that the matter of costs was within the discretion of the court, and where one wrongfully took out a tax deed it was proper to award costs against him. The decree found that Mamie Schlick acquired title with full notice of the rights and interests of the complainant, and it might have set aside the sale and satisfaction of the judgment, leaving the defendant to again proceed under the judgment. There was no absolute right to reimbursement, but the chancellor provided that the deed should only be set aside upon payment of the amount of the sale, with interest. The division of costs was the same as was made by this court in *Henderson* v. *Kibbie,* 211 Ill. 556, in which a sale made without demand for payment and with other irregularities was set aside, and we do not regard it as error, under the facts of this case, to apportion the costs as was done.

The decree is affirmed.

*Decree affirmed.*