DECKER, by guardian *ad litem,* Respondent, vs. BECKER, Appellant.

*October 7—October 25, 1910.*

*Champerty: Question for court or for jury?*

When it is suggested during the trial that an action is being prosecuted under a champertous agreement, the question is properly one for the court to determine and not one for the jury.

APPEAL from a judgment of the circuit court for Ozaukee county: MARTIN L. LUECK, Circuit Judge. *Affirmed.*

This is an action for damages for the utterance of words slanderous *per se.* , The jury returned a special verdict finding that the words had been spoken, and assessing the damages.

During the course of the trial the guardian *ad litem* for the plaintiff testified that he had arranged with the plaintiff's attorney ·that, unless the case was won, his ward should not be required to pay any 'costs. He also testified that he had that ·day paid the plaintiff's attorney money to subpœna a witness, and that he had-previously paid him some money to pay costs in the case. The plaintiff's attorney testified that there were no arrangements with the parties plaintiff to this action with reference to the payment of costs in the action, "except that the guardian *ad litem* in fact, in case we won the suit, *Mr. Becker* would have to pay the costs; if we would lose, Mr. Decker would have to pay his own costs, the plaintiff would."

The court refused to submit the following questions requested by defendant's counsel for the special verdict:

"(5) Is the above entitled action maintained and prosecuted under a champertous agreement?

"(6) Is the above entitled action tainted with champerty?

"(7) Did the attorney for the plaintiff agree to pay any part of the costs of prosecuting the above entitled action?"

This is an appeal from the judgment in plaintiff's favor on the ground that the court erred in refusing to submit the above questions to the jury.

For the appellant there was a brief by *Wm. F. Schanen,* attorney, and *James D. Shaw,* of counsel, and oral argument by *Mr. Schanen.*

For the respondent there was a brief by *Chas. J. Kunny* and *J. E. Uselding,* and oral argument by *Mr. Kunny.* They ·cited, among other cases, *Orcutt v. Pettit,* 4 Denio, 233, 17

N. Y. C. L. 558; *Gescheidt v. Quirk,* 66 How. Pr. 272, 5 Civ. Proc. 38.

Siebecker, J.    The only ground for reversal of the judgment pressed in this court is that the court erred in refusing to have the jury determine whether or not the evidence established that the action was being prosecuted by the plaintiff's attorney under a champertous agreement.    It is urged that the defendant was of right entitled to have this question determined by the jury, for the reason that if they found that such a champertous agreement existed, then it established a defense for the abatement of the action.    Whether such an issue, if the fact were alleged in the answer, issue taken thereon, and evidence offered to support it, is to be determined by a jury, need not be considered because this is not the state of the case.    It was said in *Miles v. Mut. R. F. L. Asso.* 108 Wis. 421, 84 N. W. 159, that:

"Champerty need not be pleaded and an issue need not be formed in regard thereto in order that it may be established and taken advantage of in the suit.    It cannot be waived by any party to the litigation, nor stipulated out of the case. The taint of champerty does not affect the merits of a case at all, but affects the right of the champertor to use the court, regardless of the mere merits of his claim."

It is established that when a trial court is informed of the fact that the action pending before it is so tainted, it is its duty to refuse to proceed therein and to dismiss the action. *Kelly v. Kelly,* 86 Wis. 170, 56 N. W. 637; *Miles v. Mut. R. F. L. Asso., supra,* and cases there cited.

We are persuaded that the court committed no error in holding that the question of champerty, which was first suggested while evidence was being received upon the trial, was properly a subject for determination by the court and not one for the jury.

*By the Court.*—Judgment affirmed.