WALLACH, Appellant, vs. RABINOWITZ and another, Respondents.

*October 16—November 11, 1924.*

*Champerty and maintenance: Assignment of claim to attorney by client: Validity: Consideration: Good faith of transaction: Question of fact.*

1. If an assignment of a cause of action is champertous it constitutes a defense to an action on the original claim. p. 117.
2. An assignment of a chose in action to an attorney is valid where it is made in good faith and in consideration of a past indebtedness. p. 117.
3. The highly fiduciary character of the relationship existing between attorney and client is intensified rather than weakened when the attorney is a son of the client. p. 118.
4. Where the assignee was the son of the assignor and also the latter's attorney, and for $450 accepted an assignment embracing claims amounting to $529.98 for commissions and unliquidated claims of $950 and $1,000, the question of the good faith of the assignee is one of fact, and it was error to hold the assignment champertous as a matter of law. p. 118.

APPEAL from a judgment of the circuit court for Milwaukee county: LAWRENCE W. HALSEY, Circuit Judge. *Reversed.*

Champerty. H. L. Wallach, father of the plaintiff, was employed by defendants from May 1 to December 15, 1922, to sell goods on a commission basis. Some time before Christmas, trouble arose over unpaid commissions. On December 26, 1922, H. L. Wallach executed an instrument by which he sold and assigned to plaintiff "all my interest, share, right, title, and claims to any and all commissions due or to become due from the Crescent Leather Goods Company, a New York copartnership, together with all claims and causes of action for damages against the said Crescent Leather Goods Company." Within a few days thereafter the plaintiff commenced an action against the defendants, claiming that there was due for commissions on sales made by H. L. Wallach $529.89; also claiming the sum of $950 by virtue of commissions on other sales made by others; and $1,000 for damages for breach of contract. There was an answer by the defendants, who denied that there was anything due the plaintiff, and also a counterclaim for $1,100 damages. Thereupon the deposition of H. L. Wallach was taken. During the course of the examination he testified that some time before Christmas he began to consult an attorney; at Christmas time it looked as if there was to be a lawsuit; that he assigned all claims against the defendants to the plaintiff; that it was not stipulated that H. L. Wallach should pay the costs of the action, but that it was a complete assignment. It appeared that the consideration for the assignment was a past-due indebtedness of $150 for money loaned by the plaintiff to H. L. Wallach and the amount of $300 owing by H. L. Wallach to the plaintiff on account of services which he had theretofore rendered to his father in other matters. He further testified that he transferred the claims entirely to *Marvin W. Wallach* and that he had no further interest in the claims. He

further testified that the plaintiff was his attorney. On October 6, 1923, the plaintiff was required to show cause why the action should not be dismissed for the reason that the assignment was champertous and contrary to public policy. In response to that order the plaintiff filed an affidavit in which he recited that on the 26th day of December, 1922, H. L. Wallach, his father, had assigned to the plaintiff, on account of a pre-existing and past-due indebtedness, the claims in question, and also set up the claim that by the law of the state of Illinois, the place where the contract was consummated, it was valid. The matter was brought on for hearing before the court, judgment was entered dismissing the action upon the merits, and from the judgment plaintiff appeals.

For the appellant there was a brief by *Marvin W. Wallach* of Milwaukee and *Benjamin Bull* of Madison, attorneys, and *Harry L. Butler* of *Olin, Butler, Thomas, Stebbins & Stroud* of Madison, of counsel, and a reply brief by *Olin & Butler* of Madison, of counsel; and the cause was argued orally by *Mr. B. H. Stebbins* and *Mr. Bull.*

For the respondents there was a brief by *Lines, Spooner & Quarles* and *Malcolm K. Whyte,* all of Milwaukee, and oral argument by *Mr. Whyte.*

ROSENBERRY, J. Under the law of this state, if the assignment made by H. L. Wallach to the plaintiff is champertous it constitutes a defense to the action. *Blixt v. Janowiak,* 177 Wis. 175, 188 N. W. 89; *Miles v. Mutual R. F. L. Asso.* 108 Wis. 421, 84 N. W. 159.

It has been held that an assignment of a chose in action to an attorney is valid where it is made in good faith and in consideration of a past indebtedness. *Sampliner v. Motion Picture P. Co.* 254 U. S. 233, 41 Sup. Ct. 79. Under the facts in that case it was held to be a question for the jury to determine whether the transaction was made in good faith or not. See *Sampliner v. Motion Picture P. Co.* 255

Fed. 242, where the matter of champertous contracts is dealt with at considerable length.

The trial court in this case disposed of the matter upon the theory that the contract between a client and attorney was champertous without regard to the nature of the consideration for the assignment. It appears here that the plaintiff, the assignee, is the son of the assignor and his attorney at law. While those near of kin were permitted at the common law to assist a party in presenting his causes of action without being guilty of the offense of maintenance, the reason of that rule does not apply to champertous contracts. It appears here by the allegations of the plaintiff's complaint, by which his conduct must be judged, that for $450 he accepted an assignment of claims amounting to $529.98 for commissions actually earned, and in addition thereto an unliquidated claim of $950 on sales made by others and $1,000 for damages for breach of contract. Whether a son and an attorney is in the exercise of good faith when he procured such assignment to be made to himself is a question of fact, and in this case one which should be found by the court. The highly fiduciary character of the relationship existing between attorney and client is intensified rather than weakened by the fact that in addition thereto the attorney is the son of the client. If the question were raised by the client who is the assignor, no doubt the transaction would be very closely scrutinized and the attorney would be required to sustain the burden of showing that the transaction was free from fraud and that no advantage had been taken of the client. *Armstrong v. Morrow,* 166 Wis. 1, 163 N. W. 179.

Here the question is not raised by the client but by a third party. The question of good faith was not passed upon nor determined by the court below nor argued here. We feel that justice will be done if the judgment appealed from is reversed and the matter is remanded to the trial court for further proceedings according to law.

*By the Court.*—It is so ordered.