Andrew R. MOHR and Alice J. Mohr, his wife, Plaintiffs,

v.

LeRoy J. HARRIS and Johnnie M. Harris, his wife, Defendants-Respondents and Cross-Appellants,

CITY OF MILWAUKEE, a municipal corporation, Defendant-Appellant and Cross-Respondent,

James C. COLLINS and Agnes J. Collins, his wife, Valecia Washington, Liddie Collins, Clara Carter, Globe Union Credit Union, a Wisconsin corporation, W.T. Grant Company, a foreign corporation, James Bruce, First Wisconsin National Bank of Milwaukee, a national banking association, St. Anthony Hospital, a Wisconsin corporation, Harley Davidson Credit Union, a Wisconsin corporation, Mid City Realty Co., Inc., a Wisconsin corporation, and State of Wisconsin, Defendants.

Court of Appeals

*No. 82–2303. Submitted on briefs February 15, 1984.—
Decided March 23, 1984.*
(Also reported in 348 N.W.2d 599.)

For the defendant-appellant and cross-respondent City of Milwaukee the cause was submitted on the briefs of *James B. Brennan,* Milwaukee city attorney, with *Michael A. I. Whitcomb,* assistant city attorney, of counsel, of Milwaukee.

For the defendants-respondents and cross-appellants the cause was submitted on the briefs of *Kersten & McKinnon,* with *John B. Werra, Kenan J. Kersten* and *Patrick F. Brown* of counsel, of Milwaukee.

Before Wedemeyer, P.J., Decker and Moser, JJ.

DECKER, J.   The city of Milwaukee (city) appeals from an order entered upon remittitur awarding damages and attorney fees pursuant to a remand from the Wisconsin Supreme Court.[1] The city contends that the action should have been dismissed as champertous and that attorney fees were erroneously awarded. We conclude that the trial court failed to make the required findings concerning good faith and past consideration necessary in a champerty question, and we vacate that part of the order and remand to the trial court for the making of those specific findings. LeRoy and Johnnie

---

[1] *See Mohr v. City of Milwaukee,* 106 Wis. 2d 80, 315 N.W.2d 504 (1982).

Harris (Harrises)[2] cross-appeal for greater attorney fees than awarded by the trial court. We are unpersuaded by this argument. Accordingly, we affirm the order of the trial court on attorney fees.

This case has had a long and involved history. The underlying cause of action was a foreclosure action, the particulars of which may be found in some detail in the two previous appellate determinations of this case, *Mohr v. City of Milwaukee,* 101 Wis. 2d 670, 305 N.W.2d 174 (Ct. App. 1981) ; *revd,* 106 Wis. 2d 80, 315 N.W.2d 504 (1982).

The foreclosure was commenced by Andrew and Alice Mohr (Mohrs) against LeRoy and Johnnie Harris (Harrises) in 1975, and judgment was entered in 1976. In 1977, the city razed the improvements on the property. In 1980, the city was found in contempt of the foreclosure judgment by impairing the property value, and the contempt judgment awarded damages to the Mohrs and the Harrises. The city appealed. This court reversed and we were subsequently reversed by the supreme court.

In the foreclosure action, the Harrises were represented by Attorney John Werra (Werra) who was later joined by Attorney Patrick Brown. At the time the city appealed, Werra had billed the Harrises for $17,020.57, of which they had paid $3,400. Three weeks after the city filed its notice of appeal, Werra met with the Harrises to discuss pending and future fees. The Harrises proposed that the contempt judgment and cross-appeal rights be assigned to Werra as collateral for the pending and future expenses and fees. Ultimately, the Harrises paid Werra $10,000 and assigned their contempt judgment in the amount of $13,756.78, along with all

[2] Because of the arrangement between the Harrises and Attorney Werra which lies at the heart of this appeal, we will refer to them somewhat interchangeably in our discussion of the issues raised.

rights, to Werra. To our knowledge, these circumstances were unknown to the supreme court or court of appeals at the times of prior appellate consideration.

After remittitur from the supreme court, the trial court held hearings and determined that, contrary to the city's allegations, there was no champertous agreement between Werra and the Harrises. The trial court also granted attorney fees to Werra. The city appeals and the Harrises cross-appeal.

First, we address the city's contention that the agreement between Werra and the Harrises was champertous. The city argues, on the strength of *Decker v. Becker*, 143 Wis. 542, 128 N.W. 67 (1910), that the question of champerty is one of law. We cannot agree. While the headnote to that case states that a question of champerty raised during a trial is one for the court, not the jury, *id.*, the case itself does not support such a proposition. Our supreme court expressly reserved answering that question: "Whether such an issue [of the existence of a champertous agreement], if the fact were alleged in the answer, issue taken thereon, and evidence offered to support it, is to be determined by a jury, need not be considered because this is not the state of the case." *Id.* at 544, 128 N.W. at 68.

We believe that the proper rule of law is stated in *Wallach v. Rabinowitz*, 185 Wis. 115, 117–18, 200 N.W. 646, 647 (1924) :

It has been held that an assignment of a chose in action to an attorney is valid where it is made in good faith and in consideration of a past indebtedness. *Sampliner v. Motion Picture P. Co.*, 254 U.S. 233, 41 Sup. Ct. 79. Under the facts in that case it was held to be a question for the jury to determine whether the transaction was made in good faith or not. See *Sampliner v. Motion Picture P. Co.*, 255 Fed. 242, where the matter of champertous contracts is dealt with at considerable length.

In the case before us, the trial court found no champerty, but did not make determinations of good faith or past indebtedness. Where the trial court fails to make specific findings of fact, we may, on appeal, adopt one of three courses: (1) affirm if the determination is clearly supported by the preponderance of the evidence, (2) reverse if not so supported, or (3) remand for the making of findings and conclusions. *Chuck Wagon Catering, Inc. v. Raduege,* 88 Wis. 2d 740, 749, 277 N.W.2d 787, 791 (1979). Although it would appear that the record before us provides ample evidence of consideration of past indebtedness, evidence of good faith, while present in that record, is of less considerable weight. In any event, because it is evident from the record that the trial court did not approach the champerty question from the *Wallach* approach, we deem it most appropriate to adopt the third alternative and remand the champerty question to the trial court for more complete findings in accord with *Wallach*.

The city next contends that the award of any attorney fees in this case was improper because there was no "knowing, intentional assault upon the dignity of the court." The city cites no Wisconsin authority for that standard. We are convinced that the supreme court, in *Mohr v. City of Milwaukee,* 106 Wis. 2d 80, 95, 315 N.W.2d 504, 511 (1982), resolved this question against the city in determining that there was no abuse of discretion in the trial court's award of attorney fees. The city cites us to no authority to suggest that the law of the case must be modified because of the agreement between Werra and the Harrises. We conclude that this question has already been directly resolved by the supreme court as the law of the case. We therefore address it no further.

Finally, we address the cross-appeal, which claims that the trial court abused its discretion in granting only $10,000 in appellate attorney fees. We disagree. Werra and co-counsel on appeal Brown claimed 352 hours spent at $100 per hour for a total of $35,000. After a hearing, the trial court granted fees in the amount of $10,000. In its discussion of this question on the record, the trial court considered the following as factors: the hours spent and the fees charged in light of "who the true owner, if you will, of that judgment will be;" the cost of appeal estimated by Werra before appeal; the amount of the dispute and the value of the property; the quality of the work; the number of hours involved, the arrangements with the client, the significance of the litigation; and the fees charged by the Mohrs' attorney.

The factors to be considered in awarding attorney fees are: the amount and character of the services; the labor, time, and trouble involved; the character or importance of the litigation; the amount of money or value of property involved; the professional skill necessary; and the standing of the attorney in the profession. *Patrick v. Head of the Lakes Cooperative Electric Association,* 98 Wis. 2d 66, 72, 295 N.W.2d 205, 208–09 (Ct. App. 1980).

Obviously, the trial court, in some instances, went beyond this checklist in making its determination. Given the speculative quality of any determination involving fees, we cannot conclude that the trial court abused its discretion in treating that list expansively. In any event, our review of an attorney fee award is independent of the trial court's determination. *Town of Seymour v. City of Eau Claire,* 112 Wis. 2d 313, 321, 332 N.W.2d 821, 824 (Ct. App 1983). From our independent view of the record, we are persuaded that the trial court's award of $10,000 was appropriate.

We agree with the trial court that the number of hours charged, 352, was excessive. We have examined in great

detail the appellate briefs-in-chief submitted to this and the supreme court. Werra logged 43.5 hours for his court of appeals brief and 30–35 hours for his supreme court brief, despite the fact that fully one-third of the supreme court brief's argument was identical to that submitted to this court and that the supreme court brief cited no case law not cited in the court of appeals brief.[3]

We also agree with the trial court that considering the amount of the dispute and the quality of the work done, $10,000 is an appropriate figure. Limiting our review to the *Patrick* checklist does not persuade us that the trial court's award is unreasonable or inequitable. We therefore affirm that part of the trial court's order, vacate the champerty determination only, and remand for further findings and conclusions by the trial court in light of standard set forth in *Wallach, supra.*

*By the Court.*—Order affirmed in part; vacated and cause remanded in part with directions.

---

[3] The table of authorities for the supreme court brief cites four cases not cited in the court of appeals brief. Those cases are, however, merely cited in quoted material.